

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 17, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Joseph Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Judge Caproni:

    The Government respectfully writes in response to the Court's:

(i) January 25, 2017 order requiring the Government to update the Court weekly with regard to the status of discovery; and
(ii) March 13, 2017 and March 16, 2017 orders requiring the Government to respond to the defendants' *Brady* and supplemental discovery requests by March 24, 2017, and to the remaining discovery requests set forth in the defendants' March 10, 2017 joint letter to the Court (the "March 10 Letter") by March 17, 2017.

Status of Discovery

    With regard to the status of discovery, since its last update later, the Government made available an additional 48,119 pages of documents, including a small number of documents the Government previously withheld as potentially privileged. To date, the Government has produced approximately 1.89 million pages of documents as well as forensic images and extracted user files from 22 electronic devices. The Government has also obtained approximately 32.4 GB of additional discoverable materials in its ongoing investigation, which are being processed for production. The Government remains on track to continue a prompt rolling production of these materials, and expects to produce the majority of these materials in advance of the next pretrial conference.

The Defendants' March 10 Letter

    In their March 10 Letter, the defendants:

(i) assert that "unprocessed" data from electronic devices in Production 3 delayed their review of discovery;
(ii) criticize the Government's use of a discovery vendor and highlight certain items which were missing from productions but have now been produced;

  (iii) claim they are delayed in their review of discovery because potentially privileged documents from seized electronic devices and email accounts were withheld from production;
  (iv) request that the Government obtain and produce privilege logs from hundreds of third party subpoena recipients;
  (v) request further information regarding emails extracted from electronic devices that contain header information (to, from, date and subject) but no text;
  (vi) express concern about the volume of discovery from the ongoing investigation;
  (vii) claim that it will take several months to review "even a sampling" of the documents potentially relevant to each particular defendant; and
  (viii) seek a response to seven discovery-related letters various defendants have sent the Government.

As a general matter, to the extent the defendants have advised the Government of any technical issues with discovery such as missing or corrupted files, the Government has responded promptly (usually the same day) and has corrected the problem within a matter of days. The Government responds below to the specifically enumerated issues raised in the March 10 Letter. The Government also provided the defendants with a more detailed response, by letter dated March 16, 2017 (the "March 16 Letter"), in which the Government responded to what it understood to be the pending technical and document-specific issues raised by the defendants in the March 10 Letter and in prior communications from the defendants.

*Format of Data Extracted from Electronic Devices:* The Government's production here was no different from that in myriad other cases involving electronic devices in the possession of the Government. To expedite and provide complete discovery, the Government provided forensic images of seized devices, to the extent we had such an image, and advised counsel that we would provide extractions of user files soon thereafter. Our discovery vendor shipped the forensic images to the defendants during the first week of January 2017 (as part of Production 1) and the extractions during the fourth week of January 2017 (as part of Production 3). We provided Production 3 in the format in which we commonly provide extracted user files (*e.g.*, emails, word processing documents and Excel files), either as extraction reports with linked native files, or simply native files. The Government understands the defendants have now processed the extracted files for their own discovery platform(s). As the Government advised the defendants in our March 16 Letter, if, going forward, their respective discovery vendor(s) are unable to process data for their particular review platform(s), or they do not otherwise have the resources to do so, we can work with them to try to accommodate additional processing requests.

*The Government's Discovery Vendor and Items Missing from Productions*: The defendants acknowledge that all missing or corrupt items from the initial productions have been provided. For a variety of reasons, including allocation of resources and because there are eight defendants in the case to whom discovery is being made available, the Government has determined that sending all productions through our discovery vendor, including any supplements or corrections, is the most prudent approach. To ensure that all counsel (including any subsequent counsel) have the ability to order productions, and to conserve Government resources required to make multiple copies of voluminous discovery, we intend to continue with this approach, which has not materially affected the defense's ability to obtain discovery well in advance of the next conference. Indeed, there has been little to no delay as a result of use of the vendor. With the exception of our first production, our vendor has shipped each production to the defendants (or their discovery vendor(s), at least one of whom is in California) the same day or the day after the

respective defendant ordered the production. To the extent there is a delay on the defendants' end, while the discovery is being loaded to their discovery platform, such delay would exist regardless of how the Government made the discovery available.

*Potentially Privileged Documents from Seized Email Accounts and Electronic Devices:* The Government disputes the assertion that the defendants' review of discovery is delayed because potentially privileged documents have been withheld from production pending further review by counsel for the individuals who hold the privilege. The Government has produced nearly 2 million pages of documents, in addition to the contents of 22 electronic devices. To the extent the Government may produce, in the near future, a comparably small number of additional documents, which the Government initially withheld because they were to or from an attorney or spouse, such production should not materially affect the defendants' ongoing review of discovery, nor should it have any impact on the defendants' ability to make pretrial motions.

As is the Government's practice, we focused first on producing the most readily available and relevant materials, including emails of the defendants and other pertinent individuals, electronic devices, and documents provided by pertinent entities and agencies, including those referenced in the Complaint. Once the Government produced the bulk of discovery, or it was being processed for production, the Government, through an Assistant United States Attorney who is walled off from the prosecution team (the "Wall AUSA"), turned to addressing potentially privileged documents in the materials seized by the Government. Because the potentially privileged documents were segregated prior to review of those materials by the Prosecution team, the Prosecution team does not have access to these materials unless and until they are released by the Wall AUSA, at which time they are also produced to the defendants. The Wall AUSA has been working diligently to manage the review of potentially privileged materials, and sent a letter to all counsel on March 15, 2017, updating on the status of this review. The review is ongoing; the Government has produced approximately 30 pages of released documents, and expects to produce approximately 100 additional documents next week. Notably, neither counsel for Percoco nor Kaloyeros has completed reviewing his respective client's own potentially privileged documents, nor has either counsel provided the Wall AUSA an estimated time when they intend to do so.

*Documents Withheld on Privilege Grounds by Third Parties*: The Government is not obligated to obtain third party privilege logs from the hundreds of entities and individuals who have produced documents to the Government during the course of its investigation. However, as set forth in its March 16 Letter to the defendants, to the extent the Government received a privilege log from any third party in relation to its production, the log has been provided to the defendants, and the Government will continue to provide all privilege logs obtained from third parties.

*Emails With Header Information But Missing Text:* The Government has produced all content it has been able to extract from the 22 seized electronic devices. There is no extracted data in the Government's possession that it has not produced to the defense (with the exception of the potentially privileged documents discussed above). In sum, the Government (i) is presently unable to extract the text of emails from certain Apple devices; (ii) has determined that only the header information exists for certain emails on one Dell device; and (iii) continues to evaluate the email issue on three additional Dell devices. To the extent the Government is able to extract any additional data, the Government will produce it promptly.

We continue to work diligently to determine if we can extract additional data from the Apple devices and the three Dell devices. It is worth noting, however, that the defendants have

received more than 1 million pages of complete emails from the defendants' own personal and professional email accounts, as well as the email accounts of Todd Howe and dozens of other individuals relevant to this case. In addition, despite the assertion that they "remain in the dark," the Government has conferred on this issue, on at least two occasions, with counsel for Kaloyeros, including by phone on March 1, 2017, and by email on March 2, 2017. The Government advised counsel for Kaloyeros, by phone, and in writing, of a technical issue regarding the Apple devices that prevents extraction of the body of certain emails. As the Government has advised the defendants, to date, the Government is unaware of a remedy for this issue. During and after these early March communications, the Government repeatedly asked for more specific "filepath" information to assist our forensic consultant in addressing the Dell device issue; we were not provided the requested information until March 10, 2017, approximately two hours before the defendants filed their March 10 Letter. After receiving the requested information and conferring further with our forensic consultant, the Government was able to confirm that no further information exists on the Dell device obtained from Todd Howe. We continue to work with our in-house technology department with regard to the remaining emails on Dell devices obtained from defendant Joseph Percoco and another individual.

*Discovery in the Ongoing Investigation:* As noted at the initial pretrial conference, and as is the Government's right and its practice, the Government's investigation is ongoing. The Government continues to produce promptly any additional discoverable materials it obtains. The defense has not cited, nor could it, any prejudice to this ongoing discovery.

*The Scale of Discovery*: There is nothing uniquely challenging about the discovery in this complex case, and the defendants are well equipped to review it. Each defendant is represented by experienced counsel, many of whom work at law firms with substantial resources. The defendants are also working with one or more sophisticated discovery vendors to assist with the processing of discovery. The Government also provides detailed indices with each production, and the discovery is word-searchable.

*The Defendants' Pending Discovery Letters*: The Government responded to the pending technical and document-specific inquiries in its March 16 Letter to the defendants. With regard to

the defendants' pending requests for *Brady* material and supplemental discovery, the Government will respond to those requests by March 24, 2017, as ordered by the Court.

        Respectfully submitted,

        JOON H. KIM

        Acting United States Attorney

By: /s Janis Echenberg
     Janis Echenberg/Robert Boone/
     David Zhou/Matthew Podolsky
     Assistant United States Attorneys
     (212) 637-2597/2208/2438/1947

cc: Counsel for all defendants (via ECF)