# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

| Writer's Direct Number | Writer's E-mail Address |
|---|---|
| 212.756.2380 | Barry.Bohrer@srz.com |

April 4, 2017

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Percoco, et al., 16 Cr. 776 (VEC)**

Dear Judge Caproni:

  We represent Joseph Percoco in the above-referenced matter. We respectfully submit this letter on behalf of Mr. Percoco and defendants Peter Galbraith Kelly, Jr., Steven Aiello, and Joseph Gerardi in advance of the April 6, 2017 conference in order to facilitate discussions relating to a motion schedule and trial date.

  Since the date of the last conference, the defendants have undertaken a massive effort to retrieve and process a staggering volume of discovery. As the Court is aware, the production of that discovery, which is on-going, has taken considerably longer than the 45 days that the Government estimated would be sufficient at the December 1, 2016 conference. The parties have worked together on a number of production issues that have been the subject of several letters to the Court, and as a result we now have a sense of the task that confronts us. As of today, the Government has produced what we estimate to be more than 11 million pages of material. In light of that extraordinary volume of discovery, we believe that, if the Government provides early disclosure of its exhibit list and 3500 material, we could be ready for trial by January 2018.

  We do not speak for the other defendants in this case, and counsel for defendants Louis Ciminelli, Michael Laipple, and Kevin Schuler (the "Buffalo Defendants") have indicated that a January 2018 date may not work for them. Nonetheless, we believe that, given the volume of discovery and our understanding of what our review will require, a January 2018 trial date is more reasonable.

  In the text that follows we explain the details of the situation and also propose a motion schedule consistent with a January 2018 trial date. We have conferred with the Government regarding these dates and proposals and the Government has not yet taken a position.

**The Trial Schedule**

The amount of discovery produced to date is enormous and therefore affects when we can be ready for trial. The estimated 11 million pages of material that the Government has produced thus far includes some two million pages of documents collected from more than 260 unique custodial files. In addition, the Government has produced forensic images from 22 different devices, amounting to 1.3 terabytes of data. In order to review that data, we had to retain a specialized vendor to process the extracted files. That extraction process has yielded an additional 1.54 million documents, which our vendor estimates could equal as much as 9 million pages, bringing the total number of pages produced to 11 million.

Nor is 11 million pages the final total. The Government anticipates producing after the April 6, 2017 conference: (i) an additional 52,000 documents it has already collected; (ii) potentially tens of thousands of documents that have been withheld pending the completion of privilege reviews by third parties; and (iii) an unknown number of documents the Government anticipates collecting in the future as part of its ongoing investigation.

In its letter to the Court on March 17, 2017, the Government asserted that there is "nothing uniquely challenging about the discovery in this complex case, and the defendants are well equipped to review it." The defendants, who do not enjoy the bounty of limitless resources, do not agree that there is nothing "challenging" in processing, hosting, and reviewing millions of documents. We have had significantly less time with these documents than the Government has had. While we appreciate that the Government has provided an index, that index is not granular, and does not point defense counsel to documents that the Government does not view as important to proving its case, but that may well support a defense theory. It is more an aid for extraction and processing than for review. Moreover, the cost of hosting the documents alone will run well into the six figures, and the cost of reviewing the material is also staggering.

Given the amount of discovery in this matter, reviewing the documents in a way that will enable us to prepare for trial is a Herculean task. Obviously, defense counsel does not need to and could not, in fact, review each page of discovery. However, we estimate that even laying eyes on a third of the 11 million pages would take a five-person team well into 2018. And that estimate does not include the time it will take defense counsel to review, interpret, and analyze the relevant discovery materials. Furthermore, to the extent that a prioritized review requires identifying pools of potentially relevant documents, we are significantly hamstrung by the sprawling nature of the charges in the Indictment.

The burden of reviewing the discovery and preparing for trial could be mitigated, to a substantial degree, if the Government agreed or were compelled to produce its exhibit list and 3500 material well before trial. Such early disclosure would allow the defense to focus on the evidence that will actually be presented by the Government in this case, as opposed to wading through a vast amount of discovery that the Government might deem irrelevant. Early disclosure would therefore make it easier for defense counsel to eliminate certain documents as unnecessary to rebut, complete, or place into proper context the Government's evidence. Indeed, given the overwhelming volume of material, and the need for the defense to first review the Government's

exhibits and then identify and prepare exhibits in response, notice of the Government's exhibits is well in advance of trial is not only helpful but also necessary.

We believe that early disclosure of the Government's exhibit list and 3500 material might make possible, albeit with great difficulty, a trial in January of 2018, as it would allow the defendants to focus on the most relevant evidence. But without such disclosure, we do not believe we could tailor our review of the discovery in a way that allows for a January 2018 trial. Conversely, there is no reason to believe that early disclosure would prejudice the Government; there are no safety issues here and there is no risk of flight. Moreover, we are under the impression from discussions with the Government that it could easily produce an exhibit list and 3500 material well before trial. Disclosure 90 days before a January trial (needed here to make a January date reasonable) would allow the Government a substantial amount of time to make that production, which would not be due until sometime in October.

In sum, we believe that disclosure of the Government's exhibit list and 3500 material 90 days before trial would allow us to be ready for trial in January 2018, but would not disadvantage the Government at all. We have had preliminary discussions with the Government regarding our need for early disclosure.

**Motion Schedule**

As the Court is aware, the Buffalo Defendants have already moved to dismiss the Indictment for lack of venue, or in the alternative to transfer the case against the Buffalo defendants to the Western District of New York. Their motion raises substantial issues that may very well result in severance and/or their removal from the Southern District. We expect from our discussions with the different defendants in this case that other severance and venue motions are forthcoming.[1]

We also expect there will be substantive motion practice including: motions to dismiss; motions related to *United States v. McDonnell*, 136 S. Ct. 2355 (2016); motions to suppress; motions for bills of particulars; motions to strike prejudicial surplusage; motions for material covered by *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio*, 405 U.S. 150 (1972) and their progeny; and perhaps others. The Government has informed the defendants that it intends to request at least 60 days to respond to our motions. Accordingly, we would propose the following schedule:

| May 18, 2017 | Defendants' Motions |
| --- | --- |
| July 17, 2017 | Government's Opposition |

---

[1] Although it appears that neither Mr. Percoco nor Mr. Kelly had anything whatsoever to do with the Buffalo bribery scheme charged in the Indictment, and that Mr. Kelly also had nothing to do with Messrs. Gerardi and Aiello (the Syracuse-based defendants), the Government has recently informed defense counsel that, in its view, regardless of the outcome of the severance and transfer motions, the discovery burden placed on the various defendants will be the same.

| August 16, 2017 | Defendants' Replies |

## Conclusion

Given the volume of discovery in this case, we believe that we can be ready for trial in January 2018 if the Government provides early disclosure of its exhibit list and 3500 material. We urge the court to adopt a motions schedule consistent with a January 2018 trial date.

Respectfully submitted,

/s/ Barry A. Bohrer
Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster