UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

JOSEPH PERCOCO,
a/k/a "Herb,"
ALAIN KALOYEROS,
a/k/a "Dr. K.,"
PETER GALBRAITH KELLY, JR.,
a/k/a "Braith,"
STEVEN AIELLO,
JOSEPH GERARDI,
LOUIS CIMINELLI,
MICHAEL LAIPPLE, and
KEVIN SCHULER,

                  Defendants.

No. S1 16 Cr. 776 (VEC)

**Oral Argument Requested**

# Memorandum of Law in Support of Defendant Joseph Percoco's Motion to Compel Production of *Brady* Materials

SCHULTE ROTH & ZABEL LLP

Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster

919 Third Ave
New York, New York 10022
(212) 756-2000

*Counsel for Joseph Percoco*

Defendant Joseph Percoco respectfully submits this memorandum of law in support of his motion to compel the Government to produce any exculpatory evidence falling within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

## INTRODUCTION

The federal bribery laws require a *quid pro quo* in which the "*quo*" is an "official act," and the government alleges that Percoco provided such a "*quo*" when he "exerted pressure on and provided advice to certain other State officials." (S1 ¶¶ 31 and 35.) Accordingly, to the extent that any "certain other State official[]" has ever denied to the government that he or she was pressured or advised by Percoco, such a denial would be exculpatory, as it would undermine a core element of the crime charged—the existence of an "official act." This would hold true even if the denial was made in an initial interview or attorney proffer but retracted in a later interview. Nonetheless, without addressing whether such information exists, the government has taken the remarkable position that its disclosure is not required under *Brady*. We request that the government be ordered to furnish to Percoco all information relating to any instance in which a State official has denied that Percoco exerted pressure on or advised them to take action favorable to Competitive Power Ventures Holdings, LLC (the "Energy Company") or COR Development Company, LLC (the "Syracuse Developer").

## BACKGROUND

On April 25, 2017, we joined in a letter filed by counsel for Defendant Peter Galbraith Kelly, Jr. requesting that the government provide "evidence tending to show, among other things, that … Mr. Percoco did not perform or agree to perform" an official act. By letter dated April 26, 2017, the government responded. The government did not deny the existence of such information. Instead, it mischaracterized our request as one for "specific instances where Mr.

1

Percoco did not perform or ask others to perform an official act," and then argued that it was not required to disclose proof of the absence of criminal acts on specific occasions. On May 11, 2017, the Superseding Indictment was issued.[1] The Superseding Indictment carefully added the word "certain" to the original indictment's phrase "other State officials" —thereby implying that Percoco pressured or advised *particular* individuals that the government knows and presumably interviewed. (*See* Bohrer Decl. Ex. [ ]). Percoco's counsel met and conferred with the government and inquired about the change in the Superseding Indictment, but the government refused to say whether those certain other State officials had ever denied being pressured or advised by Percoco, and merely referred counsel to its previous letter from before the Superseding Indictment had been issued.

## LEGAL STANDARD

Under *Brady* and its progeny, the Government has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment. *See generally United States v. Agurs*, 427 U.S. 97, 103–13 (1976); *United States v. Bagley*, 473 U.S. 667, 674–83 (1985); *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). This duty requires that the Government disclose material information that is "favorable to the accused, either because it is exculpatory, or because it is impeaching." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999); *see also Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (applying *Brady* to evidence that can be used to impeach prosecution witnesses). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding

---

[1] *See* May 11, 2017 Superseding Indictment, ECF No. 162 ("S1" or the "Superseding Indictment"). When we refer to the "charging documents" in this motion, we mean the Superseding Indictment together with the September 20, 2016 Sealed Complaint, ECF No. 1 ("Compl." or the "Complaint").

2

would have been different." *United States v. Reddy*, 190 F.Supp.2d 558 (S.D.N.Y. Jan. 7, 2002.) This obligation extends to exculpatory statements communicated to the Government by a witness's lawyer. *United States v. Triumph Capital Group, Inc.,* 544 F.3d 149, 157 (2d Cir. 2008). It also extends to all unrecorded statements of a witness that are favorable to an accused. *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007).

## ARGUMENT

There should be no dispute here. An element of any federal bribery charge is the commission of an "official act." *See United States v. Silver*, 15-CR-093 (VEC), 2016 WL 4472929, at *5 (S.D.N.Y. Aug. 25, 2016) (citing *McDonnell v. United States*, 136 S. Ct. 2355, 2361 (2016)). Indeed, the government alleges that Percoco committed official acts by exerting pressure on or providing advice to "certain other State officials" in connection with five separate matters:

- "Percoco exerted pressure on and provided advice to *certain other State officials*, with the intent that those officials secure for the Energy Company an agreement between a New Jersey state agency and the New York State Department of Environmental Conservation ("DEC") …." S1 ¶ 31(a).

- "Percoco exerted pressure on and provided advice to *certain other State officials*, with the intent that those officials work to secure" a long-term power purchase agreement for the energy company. *Id.* at ¶ 31(b).

- "Percoco exerted pressure on and provided advice to *certain other State officials*, with the intent that those officials reverse an adverse decision" that would have "required the Syracuse Developer to enter into a costly agreement with labor unions[]." *Id.* at ¶ 35(a).

- "Percoco exerted pressure on and provided advice to *certain other State officials*, with the intent that those officials secure the release of millions of dollars in State funds that had been allocated to the Syracuse Developer to build the Film Studio." *Id.* at ¶35(b).

3

- "Percoco exerted pressure on and provided advice to *certain other State officials*, with the intent that those officials secure a raise for the son of Steven Aiello…." *Id.* at ¶35(c).

Accordingly, to the extent that any of the "certain other State officials" referenced in the Indictment ever denied being pressured or advised by Percoco on any of the above matters, it would be akin to a denial that Percoco committed an official act. And to the extent that any official referenced in the charging documents—whether included among the "certain" officials or not—ever denied being pressured or advised by Percoco in connection with one of the above matters, that would also tend to undermine the government's theory that Percoco intended to take an official act in those matters.

The government was able to avoid responding to our *Brady* request only by mischaracterizing it. Suggesting that Percoco was seeking to establish his innocence with proof relating to the *absence* of criminal acts, the government took the position that "[e]vidence of specific instances where Percoco did not perform or cause others to perform an official act does not tend to negate Percoco's guilt…." But our request did not seek instances in which Percoco did not perform or ask others to perform an official act. Instead, we requested disclosure of any State official who has ever denied being pressured or advised by Percoco in connection with one of the five specific matters in which the government alleges that Percoco took official action. Such evidence was a principal basis of the trial defense in *McDonnell,* as it will be here. And as noted above, this request has only become more pertinent following the Superseding Indictment, which carefully added the word "certain" to the original indictment's phrase "other State officials" —thereby implying that Percoco pressured or advised particular individuals (but, perhaps, not others) whom the government knows and presumably interviewed.

To the extent that government is aware that any State official referenced in the charging documents has denied being pressured or advised by Percoco, it is plainly material to a critical element of the charged offense. And to the extent such information exists, there is no justifiable basis to withhold it from the defense, particularly given the government's refusal to identify which "certain" State officials it claims Percoco pressured or advised and the government's blunderbuss production of millions of pages of discovery from over 400 custodians. The Court should order the government to meet its obligations under *Brady* and immediately disclose to the defense the requested information.

## CONCLUSION

For the reasons given above, the Court should order the government to disclose, to the extent it is aware, any instance in which a State official has denied being pressured or advised by Percoco.

Dated: New York, New York
       May 19, 2017

SCHULTE ROTH & ZABEL LLP

By:   /s/ Barry A. Bohrer
      Barry A. Bohrer
      Michael L. Yaeger
      Andrew D. Gladstein
      Abigail F. Coster

      919 Third Avenue
      New York, NY 10022
      Telephone: 212.756.2000

*Attorneys for Joseph Percoco*