UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      - v. -<br><br>JOSEPH PERCOCO,<br>a/k/a "Herb,"<br>ALAIN KALOYEROS,<br>a/k/a "Dr. K.,"<br>PETER GALBRAITH KELLY, JR.,<br>a/k/a "Braith,"<br>STEVEN AIELLO,<br>JOSEPH GERARDI,<br>LOUIS CIMINELLI,<br>MICHAEL LAIPPLE, and<br>KEVIN SCHULER,<br><br>                              Defendants. | No. S1 16 Cr. 776 (VEC) |

## Declaration of Barry A. Bohrer in Support of
## Joseph Percoco's Motion for a Bill of Particulars

I, BARRY A. BOHRER, hereby affirm as follows:

1.       I am a member of the bar of this Court and a partner at Schulte Roth & Zabel LLP ("SRZ"), attorneys for defendant Joseph Percoco. I make this Declaration, based on firsthand knowledge, in support of Mr. Percoco's Motion for a Bill of Particulars.

2.       This Declaration attaches documents relevant to this motion and also summarizes the substance of a telephonic meet-and-confer conducted with the Government and other defense counsel on May 12, 2017, at approximately 10:30 a.m. EST. In addition to myself and colleagues representing Mr. Percoco, counsel for co-defendants Peter Galbraith Kelly Jr., Steven Aiello, and Joseph Gerardi participated on the call, as did attorneys from the Government.

3. The meet-and-confer was conducted pursuant to Rule 16.1 of the Local Criminal Rules, as well as section 4 of this Court's Individual Rules of Practice in Criminal Cases.

4. During the call, defense counsel discussed various items from past letters sent to the Government regarding requests for bills of particulars and *Brady* materials. The Government stated that its position was unchanged from the one set forth in its responsive letters.

5. The Government also stated that the S1 Indictment and the Complaint list the titles of New York State officials who Joseph Percoco allegedly pressured or advised to take "official acts," but declined to confirm whether the S1 Indictment and the Complaint contain a complete list of such officials. In this regard, the Government said that the S1 Indictment alleges the "official acts" that defense counsel should "focus on," but declined to confirm whether the S1 Indictment contains all the "official acts" that the Government intends to prove at trial.

6. Defense counsel also noted that the Superseding Indictment added the word "certain" to the original indictment's phrase "other State officials" when discussing who Percoco allegedly pressured—thereby implying that the government knows of, and presumably interviewed, particular individuals that Percoco allegedly may have pressured or advised. The government refused to say whether these "certain other State officials" ever denied being pressured or advised by Percoco, and merely referred counsel to its previous letter.

7. The Government declined to clarify whether the allegations in the Complaint — that the Energy Company made campaign contributions to Governor Cuomo and that Mr. Kelly allegedly provided a fishing trip and a meal to Percoco—are part of the charged conduct against Mr. Kelly and Percoco.

8. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint, filed on September 20, 2016 in 16-mj-6005.

9. Attached hereto as Exhibit 2 is a true and correct copy of the Indictment, filed on November 22, 2016.

10. Attached hereto as Exhibit 3 is a true and correct copy of the Superseding Indictment, filed on May 11, 2017.

11. Attached hereto as Exhibit 4 is a true and correct copy of a letter, dated March 7, 2017, sent by counsel for Mr. Percoco to the government requesting that the government provide Mr. Percoco with a bill of particulars.

12. Attached hereto as Exhibit 5 is a true and correct copy of a letter sent by the government, dated April 10, 2017, responding to Mr. Percoco's request for a bill of particulars.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2017

By: /s Barry A. Bohrer
Barry A. Bohrer