# EXHIBIT 4

# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Barry A. Bohrer                                                    Writer's E-mail Address
212.756.2380                                                    Barry.Bohrer@srz.com

March 7, 2017

**<u>BY E-MAIL AND BY POST</u>**

Janis Echenberg, Esq.
Robert Boone, Esq.
David Zhou, Esq.
Matthew Podolsky, Esq.
Assistant U.S. Attorneys
U.S. Attorney's Office for the Southern District of New York
One Saint Andrews Plaza
New York, NY 10007

   Re: United States v. Percoco, et al., 1:16-cr-00776-VEC
     <u>Joseph Percoco's Third Request for Discovery</u>

Dear Counsel:

  On behalf of Joseph Percoco, we hereby request that, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the government provide a bill of particulars, as set forth below, in order to permit Mr. Percoco to prepare his defense, avoid unfair surprise at trial, and understand the double jeopardy implications of the charges against him. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Without the particulars requested below, Mr. Percoco will not be adequately informed of the "specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quotation omitted); *see also United States v. Espy*, 989 F.Supp. 17, 34 (D.D.C. 1997) ("[T]he Court grants the defendant's motion for a bill of particulars to the extent that it seeks from the government the conduct, date, place and substance of each official act referred [to] in the indictment."), *aff'd in part and rev'd in part*, 145 F.3d 369 (D.C. Cir. 1998).

1. Particulars relating to "official acts":

 1.1. As to each of the following terms in the Indictment (hereinafter, "Ind."), state whether the term is equivalent to the term "official action," as defined in *United States v. McDonnell*, 136 S. Ct. 2355 (2016), and, if not, define the term:  (a) "official State action," Ind. ¶ 1; (b) "official action," Ind. ¶¶ 30, 31, 34, 47, 49, 51, 54, 56, 58, 60, 62; (c) "official State favors," Ind. ¶¶ 22, 27; and (d) "official assistance," Ind. ¶¶ 28, 29, 32.

Janis Echenberg, et al.
March 7, 2017
Page 2

1.2. To the extent "official State action," "official State favors" and "official assistance," as used in the Indictment, are not equivalent to "official action" as that term was defined by the Supreme Court in *McDonnell*, identify each "official State action" and "official State favor," and each instance of "official assistance," allegedly provided by Mr. Percoco to the "Syracuse Developer," "the Energy Company," Peter Galbraith Kelly, Steven Aiello, and/or Joseph Gerardi.

1.3. Identify each "official action" that Mr. Percoco allegedly "agreed to take," or "in fact took" for the benefit of the "Syracuse Developer," "the Energy Company," and/or Messrs. Kelly, Aiello, or Gerardi.  Ind. ¶¶ 30, 34, 47, 49, 51, 54, 56, 58, 60, 62.  As to each such alleged official action, specify:

    1.3.1.   the date on which Mr. Percoco agreed to take the official action;

    1.3.2.   the date on which the official action was allegedly performed;

    1.3.3.   the pending question, matter, cause, suit, proceeding, or controversy in connection with which the official action was allegedly performed;

    1.3.4.   the conduct of Mr. Percoco allegedly constituting an action or decision on that pending question, matter, cause, suit, proceeding, or controversy; and

    1.3.5.   each thing of value allegedly offered or provided by the "Syracuse Developer," "the Energy Company," or Messrs. Kelly, Aiello, or Gerardi  to influence or reward the purported official action and whether that thing of value was intended to influence (i.e., constituted a bribe) or to reward (i.e., constituted a gratuity).

1.4. Identify each "other State official[]" whom Mr. Percoco allegedly "exerted pressure on" or "provided advice to" with the intent that the State official perform an "official action" in favor of the "Syracuse Developer," "the Energy Company," and/or Messrs. Kelly, Aiello, or Gerardi. Ind. ¶¶ 30(a)–(b), ¶ 34(a)–(c).  As to each such State official, specify:

    1.4.1.   the date on which Mr. Percoco allegedly "exerted pressure on" or "provided advice to" that State official;

    1.4.2.   the pending question, matter, cause, suit, proceeding, or controversy in connection with which that State official was allegedly pressured or advised;

    1.4.3.   the conduct allegedly constituting "pressure" or "advice" from Mr.Percoco; and

    1.4.4.   the "official action," if any, allegedly taken by such State official in response to purported "pressure" or "advice" from Mr. Percoco.

1.5. Identify the date on which, after Mr. Percoco learned that CPV would not be awarded the PPA, he allegedly promised Mr. Kelly that he "would continue to take official action to help [CPV] obtain the PPA."  Ind. ¶ 31.

2. Particulars relating to "things of value":

    2.1. Identify each "thing of value" allegedly constituting a bribe or a gratuity from Messrs. Kelly, Aiello, or Gerardito Mr. Percoco.  (Ind.  ¶ 29.)

Janis Echenberg, et al.
March 7, 2017
Page 3

    2.2. As to each such thing of value, specify:

        2.2.1.   whether the thing of value is alleged to have constituted a bribe or a gratuity; and

        2.2.2.   the date on which the thing of value was allegedly offered or provided to Mr. Percoco by Messrs. Kelly, Aiello, or Gerardi.

3.   Particulars relating to the time period of the charged conduct and the phrase "at least"

    3.1. Each crime with which Mr. Percoco is charged uses the phrase "at least" to modify the express time period.  *See, e.g.,* ¶ 59 ("[f]rom ***at least*** in or about 2012 to ***at least*** in or about 2016") (emphasis added). State whether the phrase "at least" extends the potential beginning or end date of each crime with which Mr. Percoco has been charged, and, if so, by how much.

4.   With respect to Count Six:

    4.1. Identify all alleged co-conspirators currently known to the Government, Ind. ¶ 47.

    4.2. Specify whether Mr.Percoco allegedly "serv[ed] in the Office of the Governor," Ind. ¶ 47, during the period from April 21, 2014 to December 8, 2014, Ind. ¶ 20.

5.   With respect to Count Nine:

    5.1. Identify all alleged co-conspirators currently known to the Government, Ind. ¶¶ 53, 54.

    5.2. Specify whether Mr. Percoco allegedly owed a duty of honest services as a "senior official in the Office of the Governor," Ind. ¶ 54, during the period from April 21, 2014 to December 8, 2014, Ind. ¶ 20.

    5.3. Identify the basis for the allegation that Messrs. Kelly,  Aiello, and Gerardi were members of a single conspiracy, Ind. ¶ 53, that is, a "collective venture directed toward a common goal," *United States v. Berger,* 224 F.3d 107, 113 (2d Cir. 2000).

6.   With respect to Counts Ten and Twelve:

    6.1. Identify the duty allegedly owed by Mr. Percoco that rendered it corrupt under 18 U.S.C. § 666 for him to be offered or provided a thing of value, *see United States v. Rooney,* 37 F.3d 847, 851–53 (2d Cir. 1994) (defining "corruptly").

    6.2. Identify the dates during which Mr. Percoco allegedly was an "agent" of New York State, Ind. ¶¶ 60, 62, and specify whether he was such an agent during the period from April 21, 2014 to December 8, 2014, Ind. ¶ 20.

                Sincerely,

                /s/ Barry A. Bohrer

                Barry A. Bohrer
                Michael L. Yaeger
                Andrew D. Gladstein