# EXHIBIT 5

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 10, 2017

**BY EMAIL**

Barry A. Bohrer, Esq.
Michael L. Yaeger, Esq.
Andrew D. Gladstein, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

Re:   *United States* v. *Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Mr. Bohrer, Mr. Yaeger, and Mr. Gladstein:

We write in response to your letter of March 7, 2017, in which you request a bill of particulars in the above-captioned matter. As you are aware, the Government outlined its charges against your client in a lengthy and detailed complaint (16 Mag. 6005 (the "Complaint")) and subsequent speaking indictment (16 Cr. 776 (VEC) (the "Indictment")). In addition, the Government has produced to date in discovery approximately 2.01 million pages of documents, as well as forensic images and "processed" data from 22 electronic devices, all in electronic form and accompanied by a detailed index. Accordingly, the defendants have been provided with adequate notice of the charges against them, and no further particulars are required.

"A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States* v. *Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quotations marks and citation omitted); *see also, e.g.*, *United States* v. *Mahabub*, No. 13 Cr. 908 (AJN), 2014 WL 4243657, at *2 (S.D.N.Y. Aug. 26, 2014) (same); *United States* v. *Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) (same). "Acquisition of evidentiary details is not the function of the bill of particulars." *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States* v. *Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).

Nor may a bill of particulars be used as a general investigative tool. "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." *United States* v. *Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985); *see also, e.g.*, *United States* v. *Sindone*, No. 01 Cr. 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (a defendant may not "use a bill of particulars to preview the government's evidence or trial strategy, or to require the government to specify the minutiae of how it will prove the charges. The stakes

in a criminal case are high, and temptations of perjury, subornation and intimidation are ever present. Accordingly, the government is not required to turn over information that will permit a defendant to preview the government's case and tempt him to tailor proof to explain it away, or see to it that the government's proof is not presented." (citations omitted)); *United States* v. *Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (A bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case.").

Here, the detailed 79-page Complaint and 35-page Indictment, along with the production of extensive discovery, in electronic form and accompanied by a detailed index, provide more than sufficient information about the charges against your client.

To the extent that your requests seek information regarding potential witnesses and/or indicted or unindicted co-conspirators or aiders and abettors (Requests 4.1 and 5.1), the Government is not required to provide such information at this time. *See, e.g.*, *United States* v. *D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) ("'A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.'" (quoting *United States* v. *Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001))); *United States* v. *Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."); *United States* v. *Fruchter*, 104 F. Supp. 2d 289, 313 (S.D.N.Y. 2000) (denying "Defendants' request for names of all aiders, abettors, unindicted co-conspirators, and confidential informants" as "nothing more than a request for a witness list"); *see also* Fed. R. Crim. P. 16.

To the extent that you request that the Government define legal terms or provide the legal basis for an allegation, or otherwise provide a preview of its case (Requests 1.1, 1.2, 3, 5.3, and 6.1) beyond what is set forth in the charging documents, a bill of particulars is not the appropriate place for such a request. *United States* v. *Bellomo*, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant, or disclose its legal theory."); *United States* v. *Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) ("This instrument should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense."); *United States* v. *Heredia*, No. 02 Cr. 1246 (SWK), 2003 WL 21524008, at *9 (S.D.N.Y. July 3, 2003) (Government not required to provide the "'wheres, whens, and with whoms' regarding the charges in the indictment"); *see also Trippe*, 171 F. Supp. 2d at 240.

In your remaining requests, you seek numerous, specific details, which again amount to requests for a detailed preview of the Government's case and its legal theories. The Government is not required to disclose at this juncture the way in which it will attempt to prove the charges or the precise manner in which the defendant committed the charged crimes, nor must the Government provide a preview of the evidence or legal theories it intends to present at trial. *See, e.g.*, *United States* v. *Castro*, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at *2 (S.D.N.Y. Nov. 25, 2008) ("An indictment need not identify all alleged co-conspirators, nor specify the nature, time

and place of every overt act the defendant or others allegedly took in furtherance of a conspiracy, nor must it set forth all the evidence the government intends to introduce."); *United States* v. *Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("What defendant seeks is in the nature of the 'wheres, whens and with whoms' that [c]ourts have held to be beyond the scope of a bill of particulars." (collecting cases)).

Notwithstanding the foregoing, while the Government is not required to do so, in an effort to aid in your review of the discovery, and to assist you in preparing for trial, the Government is providing additional information regarding certain of your requests. By voluntarily providing this information as part of discovery, the Government is not limiting its evidence, arguments or legal theories at trial to what is set forth below. The below information is by no means an exhaustive identification of potential information or evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests.

### Requests 1.2-1.5 Concerning "Official Action"

The Government refers you to the Complaint, at paragraphs 34, 36, 38, 46-52, 57, 61-62, and 64-66, and the Indictment, at paragraphs 30 and 34, as well as the emails and documents referenced therein, which have been produced in discovery, which describe promises to take action and actions taken in furtherance of the charged crimes, including actions involving the pressuring of other individuals to perform state actions.

The Government also refers you to the communications and records produced in discovery, including of Joseph Percoco, Todd Howe, Peter Galbraith Kelly, Steven Aiello, Joseph Gerardi, the Office of the Governor, Competitive Power Ventures, the New York State Department of Environmental Conservation, the New York Power Authority, the New York State Department of Public Service, the New York State Energy Research & Development Authority, Gil Quiniones, Howard Glaser, Whiteman Osterman & Hanna LLP, COR Development, SUNY, the SUNY Research Foundation, the Orange County Industrial Development Agency, the Town of Wawayanda Planning Board, Fort Schuyler Management Corporation, Empire State Development Corporation, the Dormitory Authority of the State of New York, the New York State Division of Military & Naval Affairs, the New York State Department of Housing & Community Renewal, and SUNY Polytechnic Institute, among others. *See, e.g.*, Bates ranges CPV-SDNYGJ-00000001-177170; OGNYS-BB-00000001-28128; DUPECOOP01-09, -11-20, -9A-11A, -12A-13A, -15A-16A, -18A-20A, -12B-13B, -17B-19B, -22, -22B; SDNY-SCANNED_000000001-627; SDNY-SCANNED_00001240-2639; NYSDEC0000000001-101; NYPA0000000001-8420; NYSDPS0000000001-1345, 1346-1349; NYSERDA0000000001-23; PGK-SDNY-00000001-27; QUINIONES0000000001-75; SDNY_000000001-250714; SDNY_000285963-298501; SDNY_000572673-681134; SDNY_000712025-859059; SDNY_000863080-5692; SDNY_001228905-32; SDNY_001091231-1110744; SDNY_001123932-33; SDNY_001204432-69; SDNY_001207673-28904; SDNY_001251346-47; SDNY_001118134-83; SDNY_001125148-278; FS_SDNY000001-88811; ESD-SDNY 0040797-48893; DASNY0000001-1768; DMNA-BB-000000001-447; NYSDHCR0000000001-9398; SUNY_Poly_AUSASubp00000001-709; SUNY_Poly_SDNY_1_00000001-50.

Request 2 Concerning a "Thing of Value"

The Government refers you to the Complaint, at paragraphs 20, 32, 37, 39, 43-44, 56, 57, and 63 and the Indictment, at paragraphs 28-29, and 32, as well as the emails and documents referenced therein, which have been produced in discovery, which describe personal benefits and payments Peter Galbraith Kelly, Jr., Steven Aiello, or Joseph Gerardi provided and caused to be provided to Joseph Percoco and his wife.

The Government also refers you to the communications and records produced in discovery, including of Joseph Percoco, Lisa Percoco, Todd Howe, Peter Galbraith Kelly, Steven Aiello, Joseph Gerardi, the Office of the Governor, the Andrew Cuomo 2014 and 2018 Election Campaigns, Christopher Pitts, Steve Sullivan, Howard Glaser, Competitive Power Ventures, and COR Development, among others. *See, e.g.*, Bates ranges CPV-SDNYGJ-00000001-177170; OGNYS-BB-00000001-28128, AC000001-47753; DUPECOOP01-20, -9A-13A, -15A-16A, -18A-20A, -11B-13B, -17B-19B, -22, -22B; SDNY-SCANNED_000000001-2639; PGK-SDNY-00000001-27; S_SULLIVAN0000001-8126; SDNY_000000001-250714; SDNY_000285963-298501; SDNY_000368074-370658; SDNY_000863080-865692; SDNY_000967043-70146; SDNY_000970418-7573; SDNY_001007609-34221; SDNY_001091231-1110744; SDNY_001114076-839; SDNY_001129181-1134660; SDNY_001207673-1228932; SDNY_001251346-1251347.

Requests 4.2 and 6.2 Concerning Joseph Percoco's Duties or Agency

The Government refers you to the Complaint, at paragraphs 12, 26, and 59, and the Indictment, at paragraphs 19-20, as well as the emails and documents referenced therein, which have been produced in discovery, which describe Joseph Percoco's duties or status as an "agent," including during the time he served as campaign manager for Governor Andrew Cuomo's reelection campaign (from on or about April 21, 2014 to December 8, 2014).

If you would like to confer regarding your requests or any of the information in this letter, please let us know.

        Very truly yours,

        JOON H. KIM
        Acting United States Attorney


By: /s_____
    Janis Echenberg/Robert Boone/
    David Zhou/Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947