# EXHIBIT E

LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX     (212) 764-3701

January 25, 2017

**BY EMAIL**

Janis Echenberg
Assistant United States Attorney
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

> Re:   **United States v. Percoco, et al., 16 Cr. 776 (VEC)**

Dear Ms. Echenberg:

This letter is submitted on behalf of all defense counsel regarding the Government's disclosure obligations under the U.S. Constitution, as set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), and Kyles v. Whitley, 514 U.S. 419 (1995), as well as Rule 3.8(b) of the New York Rules of Professional Conduct.[1]  We request that you provide to us all evidence and information to which our clients are entitled under the Government's disclosure obligations. In particular, we write to focus the Government's attention on Brady materials relating to actions and statements by its cooperating witness, Todd Howe.

We are concerned that the Government has taken an improperly narrow view of its Brady obligations.  Your December 22, 2016 discovery letter states that, as of that date, the Government was not aware of *any* Brady material regarding any defendant.  Subsequent discovery letters have likewise failed to identify any Brady material.

-------------------------------------

[1]    Rule 3.8(b) of the New York Rules of Professional Conduct compels every prosecutor to "make *timely* disclosure to counsel for the defendant . . . the existence of evidence or information known to the prosecutor  . . . that tends to negate the guilt of the accused" (emphasis added).  See Cone v. Bell, 556 U.S. 449, 470 n.15 (2009) ("Although the Due Process Clause of the Fourteenth Amendment, as interpreted by Brady, only mandates the disclosure of material evidence, the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations." (citations omitted)); see also ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) (requiring prompt disclosure of "the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused").

# LANKLER SIFFERT & WOHL LLP

January 25, 2017
Page 2


We believe that, contrary to the representations in your letters, the Government is in possession of Brady material.  In fact, the Government cited such material in the September 20, 2016 Complaint, which alleges that Todd Howe doctored emails that he had received from one defendant and then forwarded the doctored emails to another defendant.  See Compl. ¶ 51(b), (d) & n.6, 7.  Beyond their obvious relevance to Howe's credibility, see Giglio v. United States, 405 U.S. 150 (1972), these alterations – and Howe's apparent practice of altering and then forwarding emails – are material and exculpatory.  They tend to undermine the Government's claim that Howe conspired with the defendants and sent emails in furtherance of that alleged conspiracy.  See Ind. ¶¶ 35–37, 46–47, 52–54; Compl. ¶ 51(b), (d) & n.6, 7.  All evidence and information in the Government's possession about Howe's alterations are therefore Brady material.  See generally Brady, 373 U.S. at 87–88; Bagley, 473 U.S. at 682.[2]

The Government does not satisfy its Brady obligations simply by turning over the contents of Todd Howe's email accounts and dropping footnotes in the Complaint.  To the contrary, the Government must "specifically designate any known Brady material as such." United States v. Blankenship, 5:14-CR-00244, 2015 WL 3687864, at *6 (S.D.W. Va. June 12, 2015); see also United States v. Hsia, 24 F. Supp. 2d 14, 29–30 (D.D.C. 1998) ("To the extent that the government knows of any documents or statements that constitute Brady material, it must identify that material to [the defendant]."); Emmett v. Ricketts, 397 F. Supp. 1025, 1043 (N.D. Ga. 1975) ("[T]he prosecution has the affirmative duty of spelling out possible areas of materiality.").  The mere production of Howe's emails would be especially inadequate here because the fact that an email has been altered will not be apparent from the face of the email.  In this connection, the massive volume of material at issue makes it unreasonable for the Government to give the defense a haystack and then ask the defendants to search for the needle.  Likewise, an altered email (or other document) will not reveal how or why Howe altered it— information that is itself Brady material.[3]  Furthermore, if Howe destroyed or deleted emails or other documents, such documents obviously will not appear in any discovery production.  And to the extent Howe misled any of the defendants on any matter relevant to this case, his deception may have been accomplished through means other than doctoring documents.

---

[2]     Furthermore, to the extent that Howe continued to alter or destroy documents since this investigation began or since he began cooperating with the Government, such conduct not only gives rise to Brady obligations, but may also constitute spoliation of evidence, West v. Goodyear Tire and Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999), that may entitle the defendants to an adverse inference instruction, United States v. Derosa, 544 F. App'x 830, 834 (11th Cir. 2013). See also United States v. Campo Flores, S5 15 CR. 765 (PAC), 2016 WL 5946472, at *3 (S.D.N.Y. Oct. 12, 2016) (noting that "deliberate destruction of exculpatory evidence" by government cooperators may give rise to "sanctions, such as suppression of . . . related testimony").

[3]     The Government evidently possesses statements by Howe about how and why he doctored documents.  See Compl. ¶ 51(b), (d) & n.6, 7.

LANKLER SIFFERT & WOHL LLP

January 25, 2017
Page 3


For these reasons, we hereby request that the Government timely comply with its disclosure obligations and produce all evidence or information that is material and exculpatory or that tends to negate the guilt of any of the defendants.[4]  Such materials shall include, but are not limited to, all evidence and information relating to each instance in which Todd Howe altered or destroyed an email or other document, and all evidence and information relating to each instance in which Todd Howe otherwise deceived by any means any defendant on any matter relevant to this case.

As part of the Brady disclosure of Howe's alterations of documents, the Government must include, among other information: (1) the original document; (2) the altered document; (3) any electronically stored information, including metadata, reflecting the circumstances of the alteration; (4) any statements by Todd Howe to the Government, written or oral, about the circumstances under which the alteration was made; and (5) any statements by Todd Howe to the Government, written or oral, about why he made the alteration.  Similarly, Brady requires the Government to produce any evidence or information indicating, suggesting, implying, or tending to show that Todd Howe misled by any means any defendant about any matter relevant to this case.



Very truly yours,

/s/ Daniel M. Gitner

Daniel M. Gitner



CC:

Robert Boone, Assistant United States Attorney
David Zhou, Assistant United States Attorney
Matthew Podolsky, Assistant United States Attorney

All Defense Counsel

---

[4]      "Exculpatory information, regardless of whether the information is memorialized, must be disclosed to the defendant *reasonably promptly after discovery*" (emphasis added).  Guidance for Prosecutors Regarding Criminal Discovery, available at https://www.justice.gov/dag/memorandum-department-prosecutors; see also ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) (requiring disclosure of exculpatory material "*at the earliest feasible opportunity*" (emphasis added)).