# EXHIBIT F

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 6, 2017

**BY ELECTRONIC MAIL**

Daniel M. Gitner, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, New York 10110

Re:   *United States* v. *Joseph Percoco, et al.*, 15 Cr. 776 (VEC)

Dear Mr. Gitner:

    We write in response to your letter dated January 25, 2017, regarding purported *Brady* material and the Government's disclosure obligations. As noted in our first discovery letter dated December 22, 2016, the Government recognizes its obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any exculpatory evidence, as opposed to impeachment evidence, under *Brady*, *see United States* v. *Coppa*, 267 F.3d 132, 142 (2d Cir. 2001), but will provide timely disclosure if any such material comes to light.

    Your letter makes reference to passages from the criminal Complaint in this case regarding changes to emails made by Todd Howe. As is apparent from the Complaint, as well as the emails referenced therein, the alterations noted in the Complaint do not tend to negate the guilt of the accused. If anything, the emails at issue reflect efforts to advance the interests of the criminal conspiracy and further establish the extortion and bribery schemes by highlighting the connection between payments Joseph Percoco was receiving and actions he and Howe took or promised to take in return for those payments. To the extent that such emails constitute impeachment material under *Giglio* v. *United States*, 405 U.S. 150, 154 (1972), and its progeny, the Government's reference to that material in the Complaint does not affect the Government's disclosure obligations, and the Government will provide any additional such material in a timely manner prior to trial. *See, e.g.*, *United States* v. *Trippe*, 171 F. Supp. 2d 230, 237 (S.D.N.Y. 2001) ("The usual practice in this district is that the Government agrees to make impeachment information available to the defense at the same time as Jencks Act material . . . .").

    In any event, the Government has already produced or is in the process of producing all emails in the Government's possession relating to the charged conspiracy that Howe received and forwarded to others. Nothing further would be required even if those emails did constitute *Brady* material. *See*, *e.g., United States* v. *Healey*, 860 F. Supp. 2d 262, 269 (S.D.N.Y. 2012) ("In the Brady context, the Government is under no duty to direct a defendant to exculpatory evidence

within a larger mass of disclosed evidence, even when that larger mass is enormous . . . ." (internal quotations marks and citation omitted)); *United States* v. *Rubin/Chambers, Dunhill Ins. Servs.*, 825 F. Supp. 2d 451, 454 (S.D.N.Y. 2011) ("The Government is under no general obligation to sort or organize *Brady* material disclosed to defendants." (citation omitted)); *United States* v. *Ohle*, No. 08 Cr. 1109 (JSR), 2011 WL 651849, at *4 (S.D.N.Y. Feb. 7, 2011) (While "the Government may not properly conceal exculpatory evidence from a defendant, [the rule] does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case." (quoting *United States* v. *Marrero*, 904 F.2d 251, 261 (5th Cir. 1990))).

Notwithstanding the foregoing, the Government has, during the course of its investigation to date, identified an additional email not referenced in the Complaint that was revised by Howe prior to forwarding to another recipient. In particular, we direct your attention to the emails bearings Bates numbers SDNY_000730594 and SDNY_000744016, which reflect that on or about October 10, 2013, Howe forwarded the email chain referenced in paragraph 49(c) of the Complaint to the NYPA President, as defined in the Complaint, with the note "Read string below." However, in forwarding the email chain, Howe changed "U feel Ok about operation fat man?" to "U feel Ok about Braith given ac response?" Howe also changed "Taking to herbert about it today. thanks" to "Taking to herbert about it today. These guys better make this work or boss will be on warpath. thanks."

                                                Very truly yours,

                                                PREET BHARARA
                                                United States Attorney

                                                By: _____
                                                Janis Echenberg/Robert Boone/
                                                David Zhou/Matthew Podolsky
                                                Assistant United States Attorneys
                                                (212) 637-2597/2208/2438/1947