# EXHIBIT G

**LANKLER SIFFERT & WOHL LLP**
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX     (212) 764-3701

February 16, 2017

**BY EMAIL**

Janis Echenberg
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re:   <u>United States v. Percoco, et al.</u>, 16 Cr. 776 (VEC)

Dear Ms. Echenberg, Mr. Boone, Mr. Zhou, and Mr. Podolsky:

  On behalf of all defendants, we write in response to the Government's February 6, 2017 letter setting forth its view of its disclosure obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).[1] In the letter, the Government represents that it is "unaware of any exculpatory evidence, as opposed to impeachment evidence, under <u>Brady</u>." The Government further asserts that any evidence showing that Todd Howe doctored emails or other documents should be regarded solely as impeachment material under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

  The Government misunderstands the import of Howe's alteration or destruction of evidence. <u>Brady</u> requires disclosure of all material evidence "favorable to an accused." <u>Strickler v. Greene</u>, 527 U.S. 263, 280 (1999). The Indictment charges each of the defendants with participating in one or more conspiracies with Howe. Ind. ¶¶ 35–37, 46–47, 52–54. A necessary element of each of those counts is that Howe and the relevant defendant came to an agreement to achieve some common unlawful objective. <u>See, e.g.</u>, <u>United States v. Salameh</u>, 152 F.3d 88, 145 (2d Cir. 1998). Evidence that Howe did not share a common objective with a defendant—and misled or deceived that defendant about the nature of their relationship, for example, by doctoring or destroying documents—tends to negate the existence of the charged conspiracies. That the same evidence may *additionally* constitute <u>Giglio</u> impeachment material is beside the point; the relevance of such evidence extends beyond Howe's credibility and such evidence will be admissible even if Howe does not testify. The Government's practice regarding the timing of

---

[1]  The Government's letter makes no reference to the independent requirement, under Rule 3.8(b) of the N.Y. Rules of Professional Conduct, that a prosecutor disclose the existence of evidence that tends to negate the guilt of the accused.

LANKLER SIFFERT & WOHL LLP

February 16, 2017
Page 2

Brady versus Giglio disclosures, see United States v. Trippe, 171 F. Supp. 2d 230, 237 (S.D.N.Y. 2001), does not allow delay of a Brady disclosure simply because the material also may be used to impeach.

In its February 6 letter, the Government also asserts that the production of emails that Howe received and forwarded to others suffices to satisfy any Brady obligations. That is incorrect. The cases cited in the letter stand for the proposition that the Government need not affirmatively seek out Brady material from a larger mass of evidence. See, e.g., United States v. Ohle, S3 08 CR 1109 JSR, 2011 WL 651849, at *4 (S.D.N.Y. Feb. 7, 2011). But that is not what the defendants are requesting here. The Complaint makes clear that the Government is *already* aware of—and has presumably discussed at length with Howe—the specific instances in which he altered (or destroyed) documents. The Government should therefore be able to satisfy its Brady obligations without undertaking any additional effort for the defendants' benefit.

In any event, as we explained in our January 25, 2017 letter, it is not just the emails/documents themselves, but also the fact of the alterations and the circumstances under which they were made that constitute Brady material. Such information will not be reflected in the contents of any email or document. Likewise, to the extent that Howe deleted any documents reflecting his communications with the defendants, such information will not appear in the Government's document productions. If the Government is aware of such information through conversations with Howe, that information must be disclosed "regardless of whether the information is memorialized" in any written document. See Guidance for Prosecutors Regarding Criminal Discovery, available at https://www.justice.gov/dag/memorandum-department-prosecutors.

We request that you advise, as to each of the following, (a) whether the Government possesses the enumerated material and (b) if so, whether the Government intends to disclose the enumerated material under Brady or whether the Government views the material as falling outside of its Brady obligations:

(1) Evidence or information that Todd Howe altered documents that were sent to any defendant or that reflect his communications with any defendant;

(2) Evidence or information that Todd Howe destroyed documents that were sent to any defendant or that reflect his communications with any defendant;

(3) Statements from Todd Howe, written or oral, about any specific instances in which he altered or destroyed any document sent to any defendant and his motivations for doing so;

(4) Evidence or information that Todd Howe deceived any defendant on any matter related to this case; and

Lankler Siffert & Wohl LLP

February 16, 2017
Page 3

      (5)    Evidence or information that, since Todd Howe commenced his cooperation with the Government, he <u>altered or destroyed</u> documents related to the case.

Apart from <u>Brady</u>, we think it is in the interests of justice that any such information be promptly disclosed to the defense. We wish to understand the Government's position in the event that it becomes necessary to make a motion or application with the Court.

Very truly yours,

Daniel M. Gitner

**CC:**

All Defense Counsel (Email)