# EXHIBIT H

LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX     (212) 764-3701

February 28, 2017

**BY EMAIL:**

Janis Echenberg
Assistant United States Attorney
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re: **United States v. Percoco, et al., 16 Cr. 776 (VEC)**

Dear Ms. Echenberg:

On behalf of Peter Galbraith Kelly, Jr., we hereby request, pursuant to Federal Rule of Criminal Procedure 7(f), that the Government provide a bill of particulars. As you know, the Supreme Court has stressed the necessity of clarity and specificity in the context of public corruption prosecutions. See United States v. McDonnell, 136 S. Ct. 2355 (2016).

The Indictment lacks the requisite specificity—particularly in regard to the alleged "official actions" by Joseph Percoco and the alleged "bribes" or "gratuities" by Mr. Kelly. For example, the Indictment alludes to both bribery and gratuity theories in a single "to wit" clause, (Ind. ¶ 60), and fails to specify the alleged conduct encompassed by phrases such as "others" and "among other things" (e.g. Ind. ¶¶ 20, 29). The Complaint and discovery only exacerbate the problem. The discovery covers years of conduct by Joseph Percoco (among others) with no specification of which conduct the Government alleges to have constituted "official actions" performed pursuant to a corrupt scheme. Similarly, the Complaint alleges various things of value without specifying whether those things of value are alleged to have been bribes or gratuities. (E.g., Compl. ¶ 37.) The particulars below are necessary to prepare for trial, avoid surprise, and understand the double jeopardy implications of the charges. United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam).

1. State the basis of the allegation that the "Percoco Bribery Scheme" and the "Buffalo Billion Fraud and Bribery Scheme" constituted "overlapping" schemes. (Ind. ¶ 1.)

2. As to each of the following terms in the Indictment, state whether the term is equivalent to the term "official act," as defined in United States v. McDonnell, 136 S. Ct. 2355 (2016), and, if not, define the term: (a) "official State action," (Ind. ¶ 1); (b) "official action," (Ind. ¶¶ 30, 31, 47, 49, 54, 56, 60); (c) "official State favors," (Ind. ¶ 27); and (d) "official assistance," (Ind. ¶¶ 28–29).

LANKLER SIFFERT & WOHL LLP

February 28, 2017
Page 2

3. Identify each "thing of value" allegedly constituting a bribe or a gratuity from Mr. Kelly to Joseph Percoco. (Ind. ¶¶ 28–29.) As to each such thing of value specify: (a) whether the thing of value is alleged to have constituted a bribe or a gratuity; and (b) the date on which the thing of value was allegedly offered or provided to Joseph Percoco by Mr. Kelly.

4. Identify the date on which Mr. Kelly allegedly first agreed to provide things of value to Joseph Percoco in exchange for official action by Joseph Percoco on an "as-needed basis." (Ind. ¶ 28.)

5. Identify the date on which, after Joseph Percoco learned that CPV would not be awarded the PPA, he allegedly promised Mr. Kelly that he would "continue to take official action to help [CPV] obtain the PPA." (Ind. ¶ 31.)

6. Identify each "official action" that Joseph Percoco allegedly "agreed to take," or "in fact took" in connection with an alleged bribe or gratuity from Mr. Kelly. (Ind. ¶ 30.) As to each such alleged official action, specify:

    a. the date on which Joseph Percoco allegedly agreed to take the official action;

    b. the date on which the official action was allegedly performed;

    c. the pending question, matter, cause, suit, proceeding, or controversy in connection with which the official action was allegedly performed;

    d. the conduct of Joseph Percoco allegedly constituting an action or decision on that pending question, matter, cause, suit, proceeding, or controversy; and

    e. each thing of value allegedly offered or provided by Mr. Kelly to influence or reward the official action and whether that thing of value was intended to influence (i.e. constituted a bribe) or to reward (i.e. constituted a gratuity).

7. Identify each "other State official[]" whom Joseph Percoco, in connection with an alleged bribe or gratuity from Mr. Kelly, allegedly "exerted pressure on" or "provided advice to" with the intent that the State official perform an "official action" in favor of CPV. (Ind. ¶ 30(a)–(b).) As to each such State official, specify:

    a. the date on which Joseph Percoco allegedly "exerted pressure on" or "provided advice to" that State official;

    b. the pending question, matter, cause, suit, proceeding, or controversy in connection with which that State official was allegedly pressured or advised;

    c. the conduct allegedly constituting "pressure" or "advice" from Joseph Percoco; and

LANKLER SIFFERT & WOHL LLP

February 28, 2017
Page 3

      d. the "official action," if any, allegedly taken by such State official in response to "pressure" or "advice" from Joseph Percoco.

8. To the extent "official State favors" and "official assistance," as used in the Indictment (Ind. ¶¶ 27–29), are not equivalent to "official action," identify each "official State favor" and each instance of "official assistance" allegedly provided by Joseph Percoco in exchange for alleged bribes by Mr. Kelly.

9. With respect to Count Nine:

      a. identify all alleged co-conspirators known to the Government, (Ind. ¶ 53);

      b. specify whether Joseph Percoco allegedly owed a duty of honest services as a "senior official in the Office of the Governor," (Ind. ¶ 54), throughout the period from April 21, 2014 to December 8, 2014, (Ind. ¶ 20);

      c. identify the basis for the allegation that Mr. Kelly, Steven Aiello, and Joseph Gerardi were members of a single conspiracy, (Ind. ¶ 53), that is, a "collective venture directed toward a common goal," United States v. Berger, 224 F.3d 107, 114 (2d Cir. 2000) (citation omitted).

10. With respect to Count Twelve:

      a. state whether the allegation that Mr. Kelly acted "corruptly," (Ind. ¶ 60), is based on the alleged breach of a duty by Joseph Percoco, see United States v. Rooney, 37 F.3d 847, 852–53 (2d Cir. 1994), and if so, identify that duty;

      b. identify the dates during which Joseph Percoco allegedly was an "agent" of New York State, (Ind. ¶ 60), and specify whether he was such an agent throughout the period from April 21, 2014 to December 8, 2014, (Ind. ¶ 20).

Very truly yours,

Daniel M. Gitner

**CC:**

Robert Boone, David Zhou, and Matthew Podolsky, Assistant United States Attorneys
All Defense Counsel (Email)