# EXHIBIT L

LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

April 11, 2017

**BY EMAIL:**

Janis Echenberg
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

      Re: **United States v. Percoco, et al.**, 16 Cr. 776 (VEC)

Dear Ms. Echenberg, Mr. Boone, Mr. Zhou, and Mr. Podolsky:

      We submit this letter on behalf of Peter Galbraith Kelly, Jr. and Joseph Percoco regarding the Government's disclosure obligations under the U.S. Constitution, as set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as well as Rule 3.8(b) of the New York Rules of Professional Conduct. In particular, we write to focus the Government on a category of Brady materials relating to the existence of an ethics opinion.

      The Complaint alleges that senior executives at CPV "directed KELLY to obtain an ethics opinion or approval from the Governor's Office before proceeding [with having CPV Educates hire Mr. Percoco's wife]" and that Mr. Kelly "later advised them that he had obtained, in sum and substance, an ethics opinion from the Governor's Office approving the hiring . . . ." (Compl. ¶ 41.) The Complaint further alleges that no such ethics opinion was ever provided and that there is no evidence that one was sought or prepared. (Id.)

      We request that the Government produce to us any evidence or information that in any way suggests that Todd Howe (or any other person) communicated to Mr. Kelly that the above ethics opinion existed, had been obtained, was sought, or prepared—regardless of the truth of any such communication. Such evidence or information would be exculpatory as to Mr. Kelly because it would tend to show that he had reason to believe that such an ethics opinion existed and that he therefore had an innocent state of mind when he participated in the hiring of Lisa Percoco. Additionally, such evidence or information would tend to undermine the Government's allegation that Mr. Kelly somehow misled others at CPV by telling them that he believed there to be an ethics opinion approving the hiring. Likewise, we request that the Government produce the substance of any statement Mr. Howe made to Mr. Kelly—and in particular statements that were false or misleading—that would tend to undermine the allegation that Mr. Kelly had

LANKLER SIFFERT & WOHL LLP

April 11, 2017
Page 2

criminal intent.

    We remind the Government that its obligations under <u>Brady</u> do not depend on the form in which <u>Brady</u> material exists, so exculpatory information must be disclosed "regardless of whether the information is memorialized" in any written document.  <u>See</u> Guidance for Prosecutors Regarding Criminal Discovery, <u>available at</u> https://www.justice.gov/dag/memorandum-department-prosecutors.

                                              Very truly yours,

                                              /s/ Daniel M. Gitner

                                              Daniel M. Gitner
                                              Jun Xiang
                                              Samantha J. Reitz

**CC:**

All Defense Counsel (Email)