**EXHIBIT M**

LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX   (212) 764-3701

April 17, 2017

**BY EMAIL:**

Janis Echenberg
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re: United States v. Percoco, et al., 16 Cr. 776 (VEC)

Dear Ms. Echenberg, Mr. Boone, Mr. Zhou, and Mr. Podolsky:

We represent Peter Galbraith Kelly, Jr., and submit this letter on his behalf regarding the Government's disclosure obligations under the U.S. Constitution, as set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as well as Rule 3.8(b) of the New York Rules of Professional Conduct. Codefendants Steven Aiello and Joseph Gerardi (the "Syracuse Defendants") join this letter.

The Government has indicated that it is not aware of any Brady material, but that may be because the Government's interpretation of Brady is too narrow in that it fails to account for the myriad ways in which a statement or other form of evidence might tend to undermine the inference of a defendant's guilt.

In particular, we write to focus the Government on Brady materials tending to show that Mr. Kelly did not participate in the *single* conspiracy charged in Count Nine. Count Nine charges Mr. Kelly with participating in a single honest services fraud conspiracy covering the bribery allegations relating to both the Energy Company (the "Energy Company Bribery Scheme") and the Syracuse Developer (the "Syracuse Bribery Scheme"). Accordingly, any evidence that tends to undermine the Government's contention that Mr. Kelly knowingly participated in a single agreement covering both the Energy Company Bribery Scheme and the Syracuse Bribery Scheme constitutes Brady material. This includes, among other things, any evidence—including any statement made by the Government's cooperating witness, Todd Howe, or any other witness—tending to show that there was no mutual dependence, common objective, or interaction between Mr. Kelly and the Syracuse Defendants.

Lankler Siffert & Wohl LLP

April 17, 2017
Page 2

      It appears that the Government, in fact, has this type of <u>Brady</u> material in its possession. Among the millions of pages the Government produced in discovery is the enclosed chart. This chart, which constitutes a visual representation used and adopted by the Government at a press conference, reflects the allegations that Mr. Kelly, through the Energy Company, and the Syracuse Defendants, through the Syracuse Developer, each independently bribed Joseph Percoco, in pursuit of their own independent and discrete interests. According to this chart, there was *no overlap* in the purpose or objective of the Energy Company Bribery Scheme and the Syracuse Bribery Scheme. The only commonality between these schemes was each scheme's alleged bribee, Mr. Percoco.

      In light of the foregoing, and pursuant to <u>Brady</u>, we request that you promptly:

1) Acknowledge that the enclosed chart and any other statements or evidence reflecting a lack of mutual dependence, common objectives, or interaction between defendants charged together in a single conspiracy constitute <u>Brady</u> material;

2) With respect to determining what evidence or information formed the basis of the chart and whether that information is itself <u>Brady</u>, review all drafts of the chart, as well as information, emails, documents, and statements that contributed to the preparation of the chart. In addition, if any witness ratified, adopted, assisted in drafting, or otherwise approved of the chart, that is <u>Brady</u> and must be immediately disclosed; and

3) Provide us with any other statement or evidence of which the Government is aware, regardless of its form or format, tending to show a lack of mutual dependence, common objectives, or interaction between defendants charged together in Count Nine.

      In responding to this letter, please remember that compliance with <u>Brady</u> obligations does not depend on the form in which <u>Brady</u> material exists. Exculpatory information must be disclosed "regardless of whether the information is memorialized" in any written document. <u>See</u> Guidance for Prosecutors Regarding Criminal Discovery, <u>available at</u> https://www.justice.gov/dag/memorandum-department-prosecutors.

      Additionally, as this letter is also being sent on behalf of the Syracuse Defendants, please note that these <u>Brady</u> implications are the same as to them, since evidence that they did not knowingly participate in the same agreement with Mr. Kelly or the Energy Company tends to undermine the Government's contention that this was one common bribery scheme, as alleged in Count Nine of the Indictment.

LANKLER SIFFERT & WOHL LLP

April 17, 2017
Page 3

                                        Very truly yours,

                                        Daniel M. Gitner
                                        Jun Xiang
                                        Samantha J. Reitz

**CC:**
Milton Williams
Steve Coffey



SDNY-SCANNED_00015061

Case 1:16-cr-00776-VEC   Document 235-13   Filed 05/19/17   Page 6 of 6



SDNY-SCANNED_00015062