# EXHIBIT N

**LANKLER SIFFERT & WOHL LLP**
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

April 25, 2017

**BY EMAIL:**

Janis Echenberg
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re: **United States v. Percoco, et al.**, 16 Cr. 776 (VEC)

Dear Ms. Echenberg, Mr. Boone, Mr. Zhou, and Mr. Podolsky:

     We represent Peter Galbraith Kelly, Jr., and submit this letter on his behalf regarding the Government's disclosure obligations under the U.S. Constitution, as set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as well as Rule 3.8(b) of the New York Rules of Professional Conduct. Codefendant Joseph Percoco joins this letter. This letter is in addition to two other letters requesting Brady material on behalf of Mr. Kelly and other defendants, one sent on April 11, 2017, and another sent on April 17, 2017.

     The Government indicated in Court on April 6 that it is "unaware" of any Brady material, but as we stated in our letter dated April 17, that may be because the Government's interpretation of Brady is too narrow in that it fails to account for the many ways in which a statement or other form of evidence might tend to undermine the inference of a defendant's guilt.

     Specifically, we write to focus the Government on Brady materials tending to show that no "official act," as that term is defined in United States v. McDonnell, 136 S.Ct. 2355 (2016), was contemplated, agreed to, or taken. Count Nine charges Mr. Kelly with conspiring with Mr. Percoco and others to commit honest services fraud, while Count Twelve charges Mr. Kelly with bribery. Count Ten charges Mr. Percoco with soliciting a bribe. Any evidence tending to show, among other things, that Mr. Kelly did not provide or agree to provide a benefit to Mr. Percoco in exchange for or to influence any official act, or that Mr. Percoco did not perform or agree to perform any such official act, is therefore Brady.

     In this regard, any State official with whom Mr. Percoco spoke about any matter concerning the Energy Company but whom Mr. Percoco did not pressure to perform an official act is a Brady witness. Similarly, any State official with whom Mr. Percoco spoke about any

LANKLER SIFFERT & WOHL LLP

April 25, 2017
Page 2

matter concerning the Energy Company but to whom Mr. Percoco did not provide advice to perform an official act is a <u>Brady</u> witness. The names of such persons and his or her statements must be disclosed immediately.

      We ask that you quickly acknowledge that this material is <u>Brady</u> and commit to producing such material immediately. If the Government does not agree that the material requested above or in Mr. Kelly's other outstanding requests is <u>Brady</u>, we may seek Court assistance. Given the motion schedule in this case, we ask that you respond to Mr. Kelly's outstanding <u>Brady</u> requests immediately and to this request no later than one week from receipt of this letter.

      In responding to these letters, please remember that compliance with <u>Brady</u> obligations does not depend on the form in which <u>Brady</u> material exists. Exculpatory information must be disclosed "regardless of whether the information is memorialized" in any written document. <u>See</u> Guidance for Prosecutors Regarding Criminal Discovery, <u>available at</u> https://www.justice.gov/dag/memorandum-department-prosecutors.

Very truly yours,

Daniel M. Gitner
Jun Xiang
Samantha J. Reitz

CC:

Counsel for Joseph Percoco