# EXHIBIT O



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<em>The Silvio J. Mollo Building</em>
<em>One Saint Andrew's Plaza</em>
<em>New York, New York 10007</em>

April 26, 2017

**BY EMAIL**

Daniel M. Gitner, Esq.
Jun Xiang, Esq.
Samantha J. Reitz, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, New York 10110

Re:   *United States* v. *Joseph Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Counsel:

We write in response to your letters dated April 7, 2017, making specific requests for discovery (the "April 7 Letter"); April 11, 2017, requesting disclosures of information relating to the existence of an ethics opinion (the "April 11 Letter");[1] April 17, 2017, containing various requests relating to a chart used at a Government press conference (the "April 17 Letter"); and April 25, 2017, containing various requests relating to official acts performed by Joseph Percoco (the "April 25 Letter").  This letter supplements the Government's letter dated March 23, 2017, addressed to counsel for all defendants in the above-captioned case, which provided responses to many of your current requests (the "Government's March 23 Letter").

As we made clear at the initial pretrial conference on December 1, 2016, in our initial discovery letter to your client, and in other discovery letters, including the Government's March 23 Letter, the Government is aware of, has, and will continue to comply in good faith with all of its discovery obligations.  We recognize the continuing nature of our discovery obligations pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16"), and we have continued and will continue to produce discoverable materials collected in the ongoing investigation.  In addition, we continue to review the items produced to ensure that materials have not been inadvertently or erroneously omitted from production.  Any such items will be produced without delay.

In your letters noted above, you make several additional requests related to discovery. While we are not required to do so, in an effort to aid in your review of the discovery, and to assist you in preparing for trial, the Government is providing additional information regarding certain of your requests.  By voluntarily providing this information, the Government is not limiting its evidence, arguments or legal theories at trial to what is set forth below.  The information provided

---

[1] The Government is also in receipt of a second letter, dated April 11, 2017, seeking assistance with respect to review of discovery.  The Government intends to respond separately to that request.

is by no means an exhaustive identification of potential evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests.

**April 7 Letter**

**Requests 1, 2, 3 – Statements of the Defendant:** As noted in the Government's March 23 Letter, pursuant to Rule 16(a)(1)(B), in its initial productions of defendant-specific discovery made on or about December 22, 2016, the Government provided to the respective counsel copies of statements, if any, made by the defendant(s), including Mr. Kelly. Furthermore, in response to defense counsel's request for law enforcement agents' handwritten notes of Government interviews of the defendant(s), the Government, as a courtesy, produced those notes to the respective counsel. At this time, the Government is not obligated to disclose to all co-defendants the statements of any particular defendant. To the extent you request statements made by other witnesses and attributed to Mr. Kelly, your request is addressed below.

**Request 4 – Defendant's Prior Criminal Record:** The Government has produced criminal records relating to Mr. Kelly. *See* KELLY_00000037-40.

**Requests 5, 6, 7, 12 – Documents and Objects, Evidence Obtained By Search and Seizure, Items or Statements the Government Intends to Use at Trial, or Witnesses the Government Intends to Call at Trial:** As set forth above and in the Government's March 23 Letter, the Government is aware of, has complied with, and continues to comply with its Rule 16 and other obligations. To the extent that the April 7 Letter requests that the Government produce items beyond its *Brady* v. *Maryland*, 373 U.S. 83 (1963), and Rule 16 obligations, the Government has no such obligation at this time. *See Weatherford* v. *Bursey*, 429 U.S. 545, 559 (1977). As you know, in all federal criminal cases, it is Rule 16 that principally governs pretrial discovery. Rule 16 is not "intended to provide the defendant with access to the entirety of the government's case against him." *See, e.g.*, *United States* v. *Percevault*, 490 F.2d 126, 130-31 (2d Cir. 1974). Nor does Rule 16 "entitle a criminal defendant to a broad and blind fishing expedition among items possessed by the Government on the chance that something impeaching might turn up." *United States* v. *Delacruz*, No. 14 Cr. 815 (KBF), 2015 WL 2211943, at *1 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted). To the extent that the April 7 Letter requests materials covered by the Jencks Act, such requests are addressed below.

With regard to your request for grand jury testimony, as set forth in the Government's March 23 Letter, disclosure of grand jury materials and information related to grand jury proceedings is permitted only when "ordered upon a showing of particularized need." *See United States* v. *Sells Eng'g*, 463 U.S. 418, 443 (1983) ("[w]e have consistently construed [Rule 6(e)] . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted"); *see also Dennis* v. *United States*, 384 U.S. 855, 869-870 (1966). This is because grand jury proceedings are afforded a "presumption of regularity" that may be dispelled only by particularized proof of irregularities in the grand jury process. *United States* v. *Leung*, 40 F.3d 577, 581 (2d Cir. 1994). A review of grand jury minutes "should not be permitted without concrete allegations of Government misconduct." *Id.* at 582. You have not made a particularized showing of any kind, nor are we aware of any basis to believe that grand jury material has been improperly disseminated or of any other irregularity. Accordingly, the Government will not be

producing any materials or information related to grand jury proceedings at this time. In the event that certain grand jury minutes, such as those documenting the testimony of any witness(es), fall within the ambit of the rule set forth in *Giglio* v. *United States*, 405 U.S. 150 (1972) ("*Giglio* Material"), or the Jencks Act, the Government will produce those materials at the appropriate time.

With regard to items or geolocation data that were obtained from or belong to particular defendants or uncharged third parties pursuant to search warrants or other seizures, those items have been produced and have been specifically identified in the discovery index and the Government's letter dated March 16, 2017. To the extent that any charged defendant might have standing to challenge such a search, the search warrant affidavit was also produced to him. We are unaware of a basis for disclosure of additional affidavits at this time.

Separately, and as set forth in the Government's March 23 Letter, the Government did not obtain any judicial orders to intercept either wire or electronic communications pursuant to 18 U.S.C. § 2518 *et seq.* in connection with the instant investigation. Similarly, to date, the Government has not utilized either a paid informant or an undercover officer during this investigation. The Government is not aware of any person having elicited statements from any of the defendants at the request of the Government or agents on the prosecution team.

As for your request for materials relating to the press or press conferences, the Government is unaware of any authority that entitles you to the information you seek. Documents related to press releases or contacts with members of the media do not fall within Rule 16 and therefore are not discoverable. As a courtesy, the Government produced the two diagrams used at its September 22, 2016 press conference regarding this case (SDNYSCANNED_00015061-SDNY-SCANNED_00015062), and we also note that the Government's press release regarding this case is publicly available.

Finally, to the extent the defendants would like to inspect, copy, test, or take photographs of any physical or electronic items, please let us know and we will make arrangements for you to do so.

**Request 8 – Purportedly Privileged Materials:** As set forth in the Government's March 23 Letter, and as noted in a letter dated March 15, 2017 from Assistant U.S. Attorney Michael McGinnis, who is walled off from the prosecution team, the respective counsel for Kaloyeros, Percoco, and certain uncharged third-party individuals are reviewing potentially privileged documents and will either provide the defendants with privilege logs or release documents determined to be non-privileged. Such documents have been, and will continue to be, produced to all defendants promptly. Separately, to the extent you are requesting privilege logs from third parties that produced documents in response to federal grand jury subpoenas issued in connection with this investigation, the Government addressed this inquiry in its letter dated March 16, 2017.

**Requests 9, 10 – Jencks Act Materials:** You request statements attributed to Mr. Kelly by other individuals, as well as statements of others that attribute conduct to Mr. Kelly. You also request more generally material pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure. To the extent these items may be considered to be *Giglio*

3

Material, the Government refers you to its responses to Request 13.  In addition, the Government refers you to its responses below to your requests for *Brady* disclosures.

Furthermore, and as set forth in the Government's March 23 Letter, the Jencks Act provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).  In addition, Rule 16 exempts from production, prior to trial, such materials: "[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).  In light of these provisions, requests for discovery of Jencks Act materials in advance of trial are uniformly denied in this District.  Indeed, there is no legal basis to order the disclosure of statements of Government witnesses before their direct testimony at trial.  *See United States ex rel. Lucas v. Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974); *United States* v. *Sebastian*, 497 F.2d 1267, 1268-69 (2d Cir. 1974); *Percevault*, 490 F.2d at 132.

As a matter of practice, the Government consistently produces Jencks Act material prior to the witness's testimony, and typically prior to trial.  The Government's present intention is to do so in this case, by producing all or substantially all such statements, barring any special circumstances, such as issues with witness safety, no later than one week prior to trial, which will provide your client more than sufficient time to make effective use of the materials at trial.  *See, e.g.*, *United States* v. *Ulbricht,* 14 Cr. 68 (KBF), Docket Entry No. 237, Order Denying Motion for New Trial, at 10 (S.D.N.Y. April 27, 2015) ("The plain meaning of [the Jencks Act] does not require production of 3500 material before trial.  In practice, however, courts in this District require the Government to produce 3500 material at least the Friday prior to the commencement of trial and sometimes earlier.").  As noted in the Government's March 23 Letter and at the court conference on April 6, 2017, the Government is also amenable to discussing an alternative schedule for pretrial deadlines and mutual disclosures.

**Request 11 – Other Crimes Evidence:**  As you know, and as set forth in the Government's March 23 Letter, the Government has no obligation at this time to provide notice of evidence of a crime, wrong, or other act that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b)(2).  The Government need only provide "reasonable notice of the general notice of any such evidence" sometime "before trial." Fed. R. Evid. 404(b)(2)(A)-(B).  This requirement does not obligate the Government to provide "unduly early notice" because "early disclosure presents a significant burden on preparation of the Government's case." *United States* v. *Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (internal quotation marks and alteration omitted).  That is why "notice is typically provided no more than two to three weeks before trial." *United States* v. *Livoti*, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998).  The Government is aware of its disclosure obligation and will provide any notice under Federal of Evidence 404(b) at the appropriate time, consistent with the motion in limine schedule yet to be set by the Court.

**Request 13 – Brady and Giglio Material:** With regard to your requests for *Giglio* Material, as you know, the uniform practice in this District, which the Government intends to follow, is that *Giglio* and Jencks Act materials are produced simultaneously, shortly before trial. This practice has been widely held to be sufficient to satisfy the requirement that *Giglio* be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States* v. *Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Immediate disclosure of such material is not warranted simply because the defendants prefer it. *See, e.g.*, *United States* v. *Hernandez*, No. 09 Cr. 625 (HB), 2010 WL 26544, at *6 (S.D.N.Y. Jan. 6, 2010) (declining to order immediate disclosure of *Giglio* material, because the Government stated it would provide both *Giglio* and Jencks Act material "shortly before trial"); *United States* v. *Davis*, No. 06 Cr. 911 (LBS), 2009 WL 637164, at *14 (S.D.N.Y. March 11, 2009) ("The Second Circuit has held that a request for immediate or early disclosure [of *Giglio* material] has no basis in the law."). Following the usual practice in this District, the Government intends to begin producing *Giglio* and Jencks Act material no later than one week before trial. As stated above, we also are amenable to discussing an alternative schedule for mutual pretrial disclosures. We also reiterate our request that the defendants disclose prior statements of witnesses they will call to testify. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendants with such material relating to Government witnesses.

**April 11 Letter**

In the April 11 Letter, you "request that the Government produce to us any evidence or information that in any way suggests that Todd Howe (or any other person) communicated to Mr. Kelly that the above ethics opinion existed, had been obtained, was sought, or prepared-regardless of the truth of any such communication." Even assuming, *arguendo*, that such evidence would tend to negate Mr. Kelly's guilt, and that such evidence exists, it has already been produced, as we have already produced to you the communications and records in our possession of Joseph Percoco, Todd Howe, Peter Galbraith Kelly, and Competitive Power Ventures. *See, e.g.*, Bates ranges CPV-SDNYGJ-00000001-177170; OGNYS-BB-00000001-28128; DUPECOOP01-08, -11-20, -11A-13A, -15A-16A, -18A-20A, -12B-13B, -17B-19B, -22, -22B; SDNY-SCANNED_000000001-627; SDNY-SCANNED_00001240-2639; SDNY_000132947-250714; SDNY_000285963-298501;  SDNY_000863080-5692;  SDNY_001204470-600; SDNY_001228905-32; SDNY_001251346-47.

Additionally, while the Government is not required to do so, in an abundance of caution, and in an effort to aid in your review of the discovery and to assist you in preparing for trial, the Government provides the following information: During the course of its investigation, the Government interviewed separately two executives of Competitive Power Ventures, who each told the Government, in substance and in part, that during the course of a July 2, 2014 telephone conference, Mr. Kelly stated, in sum and substance, that Joseph Percoco had received ethics opinion(s) and/or that such opinion(s) existed relating to payments to Lisa Percoco.

5

**April 17 Letter**

In the April 17 Letter, you make various requests relating to a chart that was used as an aid at a Government press conference. The chart, which, as noted in the Government's March 23 Letter and above, is not subject to Rule 16 and was provided to defense counsel as a courtesy, is not evidence, and therefore does not constitute *Brady* material.

**April 25 Letter**

In the April 25 Letter, you state that "any State official with whom Mr. Percoco spoke about any matter concerning the Energy Company but whom Mr. Percoco did not pressure to perform an official act is a *Brady* witness" and that "any State official with whom Mr. Percoco spoke about any matter concerning the Energy Company but to whom Mr. Percoco did not provide advice to perform an official act is a *Brady* witness." Evidence of specific instances where Mr. Percoco did not perform or cause others to perform an official act does not tend to negate Mr. Percoco's guilt, much less Mr. Kelly's guilt in agreeing to provide a benefit to Mr. Percoco in exchange for official action. *See United States* v. *Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."); *see also United States* v. *Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (evidence that the defendant did not engage in drug activity during particular trips to Jamaica not relevant to whether defendant engaged in drug activity on other trips to Jamaica). Accordingly, such material is not *Brady*.

**Conclusion**

The Government remains available to confer further on any of the topics outlined above. The Government also requests that the defendants confirm whether they have, to date, met their respective reciprocal disclosure obligations under Rule 16(b) and we renew our request for reciprocal disclosure from each of the defendants.

> Very truly yours,
>
> JOON H. KIM
> Acting United States Attorney
>
> By: ___/s/_____
>     Janis Echenberg/Robert Boone
>     David Zhou/Matthew Podolsky
>     Assistant United States Attorneys
>     (212) 637-2597/2208/2438/1947

cc: All Counsel of Record (by Email)