# EXHIBIT Q

LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N. Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

May 2, 2017

**BY EMAIL:**

Janis Echenberg
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re: **United States v. Percoco, et al., 16 Cr. 776 (VEC)**

Dear Ms. Echenberg, Mr. Boone, Mr. Zhou, and Mr. Podolsky:

On February 28, 2017, we submitted a request on behalf of Peter Galbraith Kelly, Jr. that the Government provide a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Please accept this letter as a supplemental request for a bill of particulars.  Codefendants Joseph Percoco, Steven Aiello, and Joseph Gerardi join in this letter.

As you know, an indictment must provide a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).  This requirement fulfills the Sixth Amendment right to be informed of the nature and cause of the charges, prevents a person from being subject to double jeopardy, and protects against prosecution for crimes not presented to the grand jury.  United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999).

Count Nine charges a conspiracy to commit honest services fraud through the use of interstate wires.  See 18 U.S.C. §§ 1343, 1346, 1349.  It is the wire transmission that represents the act prohibited, not the fraudulent scheme.  See United States v. Ramirez, 420 F.3d 134, 145 (2d Cir. 2005).  But even though the conspiracy is alleged to have lasted many years and the discovery contains many emails, the Indictment does not allege any specific wire transmission to support the Count.  In United States v. Silver, the court ordered the Government to provide this information in a bill of particulars:

> Silver correctly notes, however, that the Superseding Indictment is devoid of any
> specific information regarding the dates of the allegedly offending mailings and
> wire transmissions, and it includes language permitting the Government to rely on
> any mailing or wire transmission in furtherance of Silver's wide-ranging crimes to

LANKLER SIFFERT & WOHL LLP

May 2, 2017
Page 2

       satisfy that element of the charges.  Given the exceptional volume of mailings and
wire transmissions in this case, the potentially relevant communications could
easily number in the hundreds or thousands. Under those circumstances, it is not
unreasonable for the Defendant to want to know which mailings and wire
transmissions the Government will rely upon to prove its case.

117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (citing cases).

       Please set forth the specific wires upon which the Government intends to rely upon to
prove the wire fraud conspiracy charged in Count Nine.  For each such wire, please provide the
Bates number, date and time of the wire, who sent the wire, and who received it.

Very truly yours,

Daniel M. Gitner
Jun Xiang
Samantha J. Reitz

CC:

Counsel for Joseph Percoco, Steven Aiello, and Joseph Gerardi