# EXHIBIT R



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 5, 2017

**BY EMAIL**

Daniel M. Gitner, Esq.
Jun Xiang, Esq.
Samantha J. Reitz, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, New York 10110

Re:   *United States* v. *Joseph Percoco, et al.*, 16 Cr. 776 (VEC)

Dear Counsel:

We write in response to your letter dated April 28, 2017 (the "April 28 Letter"), making additional requests in response to the Government's letter dated April 26, 2017 (the "Government's April 26 Letter").[1]

While we are not required to do so, in an effort to aid in your review of the discovery, and to assist you in preparing for trial, the Government is providing additional information regarding your requests. By voluntarily providing this information, the Government is not limiting its evidence, arguments or legal theories at trial to what is set forth below. The information provided is by no means an exhaustive identification of potential evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests.

**April 11 Brady Request**

You request additional information regarding the purported existence of an ethics opinion relating to Lisa Percoco's employment at Competitive Power Ventures. As you note in the April 28 Letter, Paragraph 41 of the Complaint describes a conversation with Mr. Kelly in which a purported ethics opinion was discussed. With respect to that conversation, the then-CEO (as defined in the Complaint) stated the following, in substance and in part, during an interview with the Government:

- During the October 2012 meeting with Executive-1 and the then-CEO, Kelly raised the hiring of Lisa Percoco. Kelly also raised the issue of Joseph Percoco being Lisa

---

[1] As noted in the Government's April 26 Letter, the Government is in receipt of your letter, dated April 11, 2017, seeking assistance with respect to review of discovery. The Government intends to provide a separate response and/or meet and confer in order to assist with your review of discovery.

> Percoco's husband, and it was discussed that because Joseph Percoco was a New York State employee working in the Governor's office, it would be necessary to get an approval from the New York Ethics Commission before hiring Lisa Percoco. Kelly left the meeting with "marching orders" to obtain the approval from the Ethics Commission.

- The then-CEO learned from Executive-1 that, in November 2012, Kelly called Executive-1 and advised him that he (Kelly) had received the proper clearance from New York State indicating that it was okay to hire Lisa Percoco. The then-CEO did not know who provided such approval. To the then-CEO's knowledge, nothing regarding the ethics approval was ever given in writing to Competitive Power Ventures, and the then-CEO has not seen any approval in writing. The then-CEO was told by Kelly that he (Kelly) had obtained approval from the Ethics Commission, and the then-CEO took Kelly at his word.

We also direct your attention to the Complaint at Paragraph 44(e), which concerns the same conference described in the Government's April 26 Letter, at page 5, and to the documents bearings Bates stamps CPV-SDNYGJ-00000084 and CPV-SDNYGJ-00000349–50, which relate to that conference. With respect to the conversation described at Paragraph 44(e) of the Complaint, the then-CEO stated the following, in substance and in part, during an interview with the Government:

- Kelly told those in the meeting that he had an ethics approval from the State on file. The ethics approval was in written form, and Kelly advised that he could get it. The then-CEO told Mr. Kelly to get the written approval, but Kelly did not produce it. The then-CEO pursued getting the ethics approval document from Kelly over a period of a couple of months. The then-CEO would mention it to Kelly and Kelly would tell the then-CEO that he (Kelly) was working on it. The then-CEO asked Kelly about the ethics opinion on a couple of occasions.

Additionally, although you request information relating to an "ethics opinion," we also direct your attention to an email bearing Bates stamp CPV-SDNYGJ-00000019. With respect to that email, Todd Howe has told the Government, in substance and in part, the following:

- Joseph Percoco sent the vitals for Lisa Percoco to Howe and Howe forwarded the vitals to Kelly. Howe believes the "checked with HG" refers to an email Howe sent to Howard Glaser about Lisa Percoco working for CPV. Glaser never responded to the email. Joseph Percoco told Howe later that Glaser was okay with CPV hiring Lisa Percoco.

**April 17 Brady Request**

You make additional requests regarding the conspiracy charged in Count 9 of the Indictment. We are considering seriously the issues raised by this request, and intend to provide a separate and further response.

2

**April 25 Brady Request**

With respect to your request for "disclosure of any State official who has denied ever being pressured or advised by Mr. Percoco in relation to the Energy Company," we reiterate the response contained in the Government's April 26 Letter that the disclosures sought do not fall within the rule set forth in *Brady* v. *Maryland*, 373 U.S. 83 (1963).

**Conclusion**

The Government remains available to confer further on any of the topics outlined above. The Government also renews our request for reciprocal disclosure from each of the defendants, and further seeks confirmation that the defendants have, to date, met their respective reciprocal disclosure obligations under Rule 16(b).

Very truly yours,

JOON H. KIM
Acting United States Attorney

By:    /s/
    Janis Echenberg/Robert Boone/
    David Zhou/Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947

cc:    Barry A. Bohrer, Esq.
        Michael L. Yaeger, Esq.
        Andrew D. Gladstein, Esq.
        Stephen R. Coffey, Esq.
        Scott W. Iseman, Esq.
        Milton Williams, Esq.