UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-Against-<br><br>JOSEPH PERCOCO,<br>a/k/a "Herb,"<br>ALAIN KALOYEROS,<br>a/k/a "Dr. K,"<br>PETER GALBRAITH KELLY, JR.,<br>a/k/a "Braith,"<br>STEVEN AIELLO,<br>JOSEPH GERARDI,<br>LOUIS CIMINELLI,<br>MICHAEL LAIPPLE, and<br>KEVIN SCHULER,<br><br>                                    Defendants. | No. S1 16 CR 776 (VEC)<br><br>**Oral Argument Requested** |

# Memorandum of Law in Support of
# Joseph Percoco's Motion for Severance

SCHULTE ROTH & ZABEL LLP

Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster

919 Third Avenue
New York, NY 10022
Telephone: 212.756.2000

*Attorneys for Joseph Percoco*

## ARGUMENT

Numerous other moving briefs explain in great length how the Superseding Indictment improperly joins four distinct alleged fraud schemes—schemes which share no collective overlap other than the common participation of the government's sole cooperating witness, Todd Howe. *See, e.g.,* Memorandum of Law in Support of Defendant Peter Galbraith Kelly, Jr.'s Motion for a Severance and to Strike Prejudicial Surplusage ("Kelly Mem.") at 17-32; Joint Memorandum of Law in Support of the Buffalo Defendants' Motion for Severance ("Buffalo Mem") at 10-20. These briefs also describe the extensive prejudice that would flow to each of the eight defendants if forced to endure a single, joint trial, the bulk of which would be devoted to evidence and issues entirely irrelevant to each specific defendant's case. *See* Kelly Mem. at 37-46; Buffalo Mem. at 27-33. In an effort to avoid burdening the Court with duplicative arguments, we will not repeat those same arguments here. Rather, the instant motion focuses narrowly on the relief requested by Percoco.

As the Court is aware, Percoco is implicated in only two of the four schemes alleged in the Superseding Indictment (the "S1 Indictment"): (i) the Energy Company Bribery Scheme and (ii) the Syracuse Developer Bribery Scheme (together, the "State Official Bribery Schemes"). He is not alleged to have been involved in, nor even aware of, the two bid-rigging schemes (the "RFP Schemes"), which together involve Defendants Ciminelli, Laipple and Schuler (the "Buffalo Defendants"), Alain Kaloyeros, and Defendants Aiello and Gerardi (the "Syracuse Defendants").

Percoco faces a total of seven counts arising out of the State Official Bribery Schemes (Counts Six through Twelve): conspiracy to commit extortion under the color of official right (relating to both the Energy Company and the Syracuse Developer) under 18 U.S.C. § 1951 (Count 6); extortion under color of official right (relating to the Energy Company) under 18

U.S.C. §§ 1951 and 1952 (Count 7); extortion under color of official right (relating to the Syracuse Developer) under 18 U.S.C. §§ 1951 and 1952 (Count 8); conspiracy to commit honest services wire fraud (relating to the Energy Company) under 18 U.S.C. § 1349 (Count Nine); conspiracy to commit honest services wire fraud (relating to the Syracuse Developer) under 18 U.S.C. § 1349 (Count Ten); solicitation of bribes and gratuities (relating to the Energy Company) under 18 U.S.C. § 666(a)(1)(B) (Count Eleven); and solicitation of bribes and gratuities (relating to the Syracuse Developer) under 18 U.S.C. § 666(a)(1)(B) (Count Twelve).

This Court should grant Percoco severance by dividing the case as follows:

| Trial Description | Defendants | Counts |
| --- | --- | --- |
| Bid-Rigging Trial | Buffalo Defendants<br>Alain Kaloyeros<br>Syracuse Defendants | 1 - 5 |
| State Official Bribery Trial | Joseph Percoco<br>Braith Kelly<br>Syracuse Defendants | 6 - 14 |

This division is natural. As between the RFP allegations and the bribery allegations, there is no "common plan or scheme" or "key link." *United States v. Turoff*, 853 F.2d 1037, 1044 (2d Cir. 1988). Not even the government attempts to draw such a connection, describing the two schemes separately in the Indictment as "The Buffalo Billion Fraud and Bribery Scheme" and "The Percoco Bribery Scheme," the latter of which is characterized as "the second scheme alleged in this Indictment." Indictment at ¶ 28. Also, as between the RFP allegations and the bribery allegations, there is no substantial identity of facts and participants. *See United States v. Lech*, 161 F.R.D. 255, 256 (S.D.N.Y. 2001) ("[i]t is well settled … that … separate transactions do not constitute a 'series' within the meaning of Rule 8(b) 'merely because they …

involve one or more common participants.'") (citation omitted).  Here, there is only Todd Howe, the government's cooperating witness, and the Syracuse Defendants, whose alleged participation in an RFP scheme has nothing to do with the bribery allegations asserted in Counts 6-14.

## CONCLUSION

Percoco is not implicated in, nor alleged to have had knowledge of, either of the RFP schemes, and there is no commonality between the RFP Schemes and the State Official Bribery Schemes that could justify the government's impermissible joinder.  The Court should sever Counts 1-5 from Percoco's trial, leaving as Percoco's co-defendants Kelly and the Syracuse Defendants (to the extent the Syracuse Defendants are charged in the State Official Bribery scheme).

Respectfully submitted,

Dated: New York, New York
       May 19, 2017

SCHULTE ROTH & ZABEL LLP

By:   /s/ Barry A. Bohrer
      Barry A. Bohrer
      Michael L. Yaeger
      Andrew D. Gladstein
      Abigail F. Coster

      919 Third Avenue
      New York, NY  10022
      Telephone: 212.756.2000

*Attorneys for Joseph Percoco*

3