# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2380

Writer's E-mail Address
Barry.Bohrer@srz.com

December 1, 2017

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Percoco, et al., S2 16 Cr. 776 (VEC)**

Dear Judge Caproni:

We represent Joseph Percoco in the matter referenced above. On November 1, 2017, the government filed a letter (Doc. 349 ("Gov't MIL")) making several motions *in limine*. One was a motion to preclude any evidence or argument about the merits or public benefits of the agreements and projects at issue in the case. We join in full the letter brief filed by Percoco's co-defendant Peter Galbraith Kelly, Jr. in response to the government's motions (with the exception of his arguments directed at severance) but we write separately to emphasize a crucial point for Percoco: the government's motion to preclude would improperly block the jury from hearing evidence tending to show that Percoco did not pressure or advise public officials on the relevant agreements and projects. Such evidence directly addresses the second superseding indictment (the "Indictment" or "S2"), and hiding it from the jury would deny Percoco's constitutional right to present a defense.

## LEGAL STANDARD

A defendant in a criminal trial must be acquitted if there is a reasonable doubt about guilt. *See, e.g., Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979). Therefore, if a piece of evidence has "any tendency" to make more probable a fact that could create a reasonable doubt in the mind of a single juror, that fact is relevant. Fed. R. Evid. 401.

## DISCUSSION

The Indictment repeatedly claims that certain public officials acted to approve or advance various agreements and projects because they were "pressured" by Percoco (S2 ¶¶ 31a, 31b, 35a, 35b, and 35c); accordingly, any evidence that suggests a different reason for those particular officials' actions is relevant. And one alternative reason that officials would approve an

agreement or project is that it would benefit the public.  Evidence that the agreements and projects were meritorious is therefore relevant.  The defense has a right to rebut the government's charges, and offering evidence of a project's merits is a simple way to do so.

Further, the government's motion is especially flawed because it would preclude not only evidence that a project had merit, but even evidence that an allegedly "pressured" official *believed* a project had merit.  The government argues that evidence that an official believed in the merits would be relevant—or rather, "might" be relevant —only if the defendants knew at the time that the official held the belief.  (Gov't MIL 10.)  But that argument ignores the obvious relevance of the evidence:  if an official believed a project had merit then she may not have acted as she did due to "pressure," but rather because she thought the project was meritorious.  That in turn suggests that the official may not have been "pressured" at all.  Indeed, the projects at issue here were key initiatives of the Cuomo administration, and a belief in the merits of those projects are a likely motive for the officials' actions.  Thus, evidence of an official's belief in the merits supports Percoco's defense that there was no bribe and no unlawful "pressure."

The government's theory is that officials acted as they did due to unlawful "pressure"; the defense is that there was no such pressure and that officials acted as they did because they believed in the merits.  The defense must be allowed to present its theory to the jury.  That's not an "end run around Rules 401 and 403" (Gov't MIL 10), it's standard trial practice.  The constitutional right to present a defense includes "the right to present the defendant's version of the facts as well as the prosecution's."  *Washington v. Texas*, 388 U.S. 14, 19 (1967).

Moreover, there is no reason to assume that evidence of the merits or officials' belief in the merits is so confusing or complicated that a jury cannot understand it.  It certainly is no more confusing or complicated than the evidence that the government will likely offer describing the projects and the "pressure" allegedly applied to public officials.  A few minutes of testimony by a public official stating that he or she approved a project because of its merits is hardly an undue burden.  Nor would it be time-consuming to elicit testimony that, for example, a particular official did not believe a labor peace agreement was required for a project.

## CONCLUSION

For the reasons set forth above, Joseph Percoco respectfully requests that the Court deny the government's motion *in limine* to exclude evidence or argument about the merits or public benefits of the agreements or the projects at issue in the case.

Respectfully Submitted,


/s/ Barry A. Bohrer
Barry A. Bohrer
Michael L. Yaeger
Andrew D. Gladstein
Abigail F. Coster

cc: All Counsel (Via ECF)