# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX   (212) 764-3701

December 24, 2017

**BY ECF/EMAIL:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: **United States v. Percoco, et al.**, S2 16 Cr. 776 (VEC) [Corrected]

Dear Judge Caproni:

    We represent Peter Galbraith Kelly, Jr., and respectfully submit this letter on behalf of Mr. Kelly and co-defendant Joseph Percoco. We write to advise the Court that, on Saturday evening, the Government learned and alerted the defense that, due to a processing error by the Energy Company's vendor, the parties were not provided with over 6,000 new and potentially relevant emails from the Energy Company. The Government informed us that the Energy Company will provide these documents to the parties, on a rolling basis, over the next few days. That production has not yet begun.

    We do not wish to delay the trial unnecessarily. However, in light of our other trial preparation responsibilities, it is simply impossible to accomplish the necessary review of the 6,000 new documents in time for a January 8 trial date. We therefore respectfully seek a short adjournment of the trial date. Under the circumstances we believe that a one-week adjournment, at a minimum, is both necessary and appropriate. The Syracuse Defendants—Steven Aiello and Joseph Gerardi—consent to a one-week adjournment. The Government has informed us that it believes a one-week adjournment will provide sufficient time for the parties to review the Energy Company's expected production, but does not object to a two-week adjournment.

    The revelation that the parties have not received 6,000 potentially relevant documents comes at a time when we are working long days at maximum speed. My colleagues and I have taken no break for the holidays because, even before the existence of this new tranche of documents was disclosed, there was no time to spare. Our internal support staff and external

vendor will not be available to process these documents until after the holiday weekend.  We understand that, even after we receive the documents, processing them to make them reviewable may take up to a day or more.  Once the documents are reviewable, we need to analyze them to understand any issues they present.  Any relevant documents will need to be added to our exhibit list and incorporated into our work product.  Because the material may be exculpatory, we cannot give the material anything less than our full attention.

We recognize and respect the Court's desire to move expeditiously, but we cannot review over 6,000 new documents in time for a January 8 trial, while still focusing on the myriad other tasks this trial requires.  As the Court is aware, the Government disclosed new exhibits and 3500 material on Friday.  More is surely forthcoming.  Because the Government's final witness list is not yet due, we have been drafting witness outlines on the assumption that any one of the over forty potential Government witnesses (including the sixteen "definite" witnesses) could testify.  Of necessity, we must amend our work product each time the Government modifies its exhibit list, provides additional 3500 material, or revises the status of a potential witness.  The logistics of this trial—which, as of today, involves well over 5,000 exhibits—are daunting.  We have already staffed our trial teams beyond what we expected would be necessary when this case began.  Even with an adjournment, reviewing the additional documents will stretch our resources significantly.

If the Court grants our request for an adjournment, the Government asks that time be excluded until the new trial date.  We, of course, would consent to that application.

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP

By: /s/ Daniel M. Gitner

Daniel M. Gitner
Jun Xiang
Samantha J. Reitz
Rachel S. Berkowitz

**CC**:

All Counsel (Via Email/ECF)