**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  X
    UNITED STATES OF AMERICA,                           :
                                                        :
            - v. -                                      :
                                                        :
    JOSEPH PERCOCO,                                     :          16-CR-776 (VEC)
            a/k/a "Herb,"                               :
    PETER GALBRAITH KELLY, JR.,                         :
    STEVEN AIELLO,                                      :
    JOSEPH GERARDI,                                     :
                                                        :
                            Defendants.                 :
------------------------------------------------------------  X
```

## Preliminary Jury Instructions (Excerpted)

\* \* \*

## V.       INTRODUCTION

I am now going to tell you a little bit about the law that you will have to apply to the facts as you find them.  These are only preliminary and summary instructions.  They are designed to help you evaluate the evidence as you hear and see it in light of what you will be asked to decide after you have heard all of the evidence.

The final instructions that I will give you at the end of the trial will contain more details about the applicable law.  To the extent that there are any differences between my preliminary instructions and the final instructions at the end of trial, the final instructions will control.

## VI.      SUBSTANTIVE LAW TO BE APPLIED

The Defendants in this case are Joseph Percoco, Peter Galbraith Kelly, Jr., Steven Aiello, and Joseph Gerardi.  The Government has charged Mr. Percoco with conspiracy to commit extortion, extortion, conspiracy to commit honest services fraud, and bribery.  The Government has charged Mr. Kelly, Mr. Aiello, and Mr. Gerardi with conspiracy to commit honest services

fraud and bribery.  In addition, the Government has charged Mr. Aiello and Mr. Gerardi with making false statements to federal officers.  The Government has the burden of proving each element of every crime charged beyond a reasonable doubt. You will be required to return a separate verdict for each Defendant and on each charged crime.

### A.    Extortion Charges

Mr. Percoco is charged with one count of conspiracy to commit extortion and two counts of extortion.  The indictment alleges that Mr. Percoco used his position as a high-ranking official in the Office of the New York State Governor to obtain payments from two companies, Competitive Power Ventures (or "CPV") and COR Development, in exchange for official ~~actions~~ acts that benefited those companies.

To sustain its burden of proof on the extortion counts, the Government must prove ~~several~~ certain elements beyond a reasonable doubt, including (but not limited to)~~:~~ that Mr. Percoco was a public official at the time of the alleged offense; that he obtained property not legitimately due to him as a public official; and that the property was given to him voluntarily. Additionally, the Government must prove that Mr. Percoco obtained the property as a *quid pro quo* for performing an official ~~action~~act.  *Quid pro quo* is Latin, and it means "this for that" or "these for those."  Thus, the Government must prove that Mr. Percoco knew that he was expected to ~~take~~perform an official ~~action~~ act in exchange for the property that he allegedly obtained from CPV and COR Development, respectively~~.~~

To sustain its burden of proof on the conspiracy count, the Government must prove that Mr. Percoco intentionally and knowingly entered into a conspiracy, which is an agreement or understanding to commit a crime.  The Government must prove that the object or goal of the conspiracy was to commit extortion.

**B. Honest Services Fraud Charges**

All of the Defendants are charged with conspiracy to commit honest services fraud. Honest services fraud involves a scheme to defraud the public of its right to a public official's honest services.

There are two separate fraud conspiracies charged, one involving Mr. Percoco and Mr. Kelly, and another involving Mr. Percoco, Mr. Aiello, and Mr. Gerardi. To prove each charge of fraud conspiracy, the Government must prove (among other elements) that there was a conspiracy—or agreement—to defraud the public of its right to the honest services of Mr. Percoco ~~and other New York State officials~~. The Government must also prove that each fraud scheme involved an agreement to enter into a *quid pro quo* arrangement in which a thing~~s~~ of value would be exchanged for an official ~~actions~~act.

**C. Bribery Charges**

**1. Bribery Solicitation Charges**

The indictment charges Mr. Percoco with two counts of soliciting bribes or gratuities. One count charges that Mr. Percoco solicited things of value from CPV with the intent to be influenced or rewarded in connection with CPV's business before New York State, while the other count charges that Mr. Percoco solicited things of value from COR Development with the intent to be influenced or rewarded in connection with COR Development's business before the State.

For each of these charges, the Government must prove numerous elements beyond a reasonable doubt, including (but not limited to) that Mr. Percoco was an agent of New York State at the time of the alleged offense; that Mr. Percoco solicited, demanded, accepted, or agreed to accept things of value; and that Mr. Percoco did so corruptly and with the intent to be influenced or rewarded in connection with New York State business. To prove that a thing of

value was a bribe, the Government must prove that it was solicited, demanded, or accepted as part of a *quid pro quo* in exchange for an official act.  To prove that a thing of value was a gratuity, the Government must prove that it was solicited, demanded, or accepted to reward an official act.

### 2. Bribery Payment Charges

In one count, Mr. Kelly is charged with paying bribes or gratuities to Mr. Percoco with the intent to influence or reward him in connection with CPV's business before New York State. In another count, Mr. Aiello and Mr. Gerardi are charged with paying bribes or gratuities to Mr. Percoco with the intent to influence or reward him in connection with COR Development's business before the State.

To sustain its burden of proof on these charges, the Government must prove (among other elements) that Mr. Percoco was an agent of New York State at the time of the alleged offense; that the charged defendant gave, offered, or agreed to give a thing of value to Mr. Percoco; and that the defendant did so corruptly and with the intent to influence or reward Mr. Percoco in connection with New York State business.  To prove that a thing of value was a bribe, the Government must prove that it was given or offered as part of a *quid pro quo* in exchange for an official act.  To prove that a thing of value was a gratuity, the Government must prove that it was given or offered to reward an official act.

### 3. Bona Fide Compensation

To satisfy its burden on any of the bribery or gratuity charges, the Government must prove that the alleged bribe or gratuity was not a bona fide salary, wages, fees, or other compensation paid in the usual course of business.

### D. "Official Acts"

In describing the charges, you have heard me use the term "official act."  That term has a

specific meaning, which I will explain more fully at the end of trial.  For now, you should know that an official act is a formal action or decision on a specific matter before the government.  Not everything a government official does in his official capacity is an official act.  Simply hosting or setting up a call or meeting, making a referral to another government official, expressing support for an outcome on an issue, and obtaining information for a private party are not official acts.

### ~~D.~~E.    False Statement Charges

Finally, Mr. Aiello and Mr. Gerardi are each charged with making false statements to federal agents and representatives of the U.S. Attorney's Office.  Specifically, the indictment alleges that Mr. Aiello and Mr. Gerardi each falsely denied making payments to Mr. Percoco.

Among other elements, the Government must prove that the defendant knowingly and willfully made a false statement and that the statement was material.  In this context, a statement is material if it is capable of influencing a decision or activity of the Government.

## VII.    BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE

That is a short summary of some of the elements of the charged crimes.  As to each of the crimes charged, there are other elements that the Government must prove, but for now, that gives you a general idea of some of the things that you will be asked to decide at the end of the trial. At the end of the trial, I will give you complete instructions about what the Government must prove in order to satisfy its burden of proof, and those instructions will control your deliberations.

For now, I will ask you to remember that the indictment is only an accusation; it is <u>not</u> proof of guilt or anything else.  The Defendants are presumed innocent, and the Government has the burden of proving guilt beyond a reasonable doubt. Put differently, the Defendants start trial with a clean slate, and they keep that clean slate throughout the trial until you retire to deliberate.

Because the burden of proof is on the Government, the Defendants and their lawyers

need not present any evidence in this case if they choose not to do so. They could sit in silence throughout all of these proceedings without ever saying a word, and you could draw no inference against them from that fact. You cannot find the Defendants guilty unless and until you are unanimously convinced, beyond a reasonable doubt, of their guilt based on the evidence in the case.

* * *