USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,

    - v. -

JOSEPH PERCOCO,
    a/k/a "Herb,"
PETER GALBRAITH KELLY, JR.,
STEVEN AIELLO,
JOSEPH GERARDI,

                Defendants.
------------------------------------------------------------ X

16-CR-776 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on December 27, 2017, the Court submitted to the Government and to Defendants Percoco, Kelly, Aiello, and Gerardi (the "January Defendants") an excerpt of its draft Preliminary Jury Instructions for the upcoming trial of the January Defendants; and

    WHEREAS on December 27, 2017 (Dkt. 417), the January Defendants filed proposed revisions to the Court's draft preliminary jury instructions; and

    WHEREAS on December 28, 2017, the Court discussed the January Defendants' proposed revisions at a Final Pretrial Conference;

    IT IS HEREBY ORDERED that the Court will deliver the attached Preliminary Jury Instructions at the trial of the January Defendants. These Instructions will accompany other standard jury instructions not specific to this case.

**SO ORDERED.**

**Dated: December 29, 2017**
       **New York, NY**

                                              **VALERIE CAPRONI**
                                              **United States District Judge**

# Preliminary Jury Instructions (Excerpted)

* * *

## V. INTRODUCTION

I am now going to tell you a little bit about the law that you will have to apply to the facts as you find them. These are only preliminary and summary instructions. They are designed to help you evaluate the evidence as you hear and see it in light of what you will be asked to decide after you have heard all of the evidence.

The final instructions that I will give you at the end of the trial will contain more details about the applicable law. To the extent that there are any differences between my preliminary instructions and the final instructions at the end of trial, the final instructions will control.

## VI. SUBSTANTIVE LAW TO BE APPLIED

The Defendants in this case are Joseph Percoco, Peter Galbraith Kelly, Jr., Steven Aiello, and Joseph Gerardi. The Government has charged Mr. Percoco with conspiracy to commit extortion, extortion, conspiracy to commit honest services fraud, and bribery. The Government has charged Mr. Kelly, Mr. Aiello, and Mr. Gerardi with conspiracy to commit honest services fraud and bribery. In addition, the Government has charged Mr. Aiello and Mr. Gerardi with making false statements to federal officers. The Government has the burden of proving each element of every crime charged beyond a reasonable doubt. You will be required to return a separate verdict for each Defendant and on each charged crime.

### A. Extortion Charges

Mr. Percoco is charged with one count of conspiracy to commit extortion and two counts of extortion. The indictment alleges that Mr. Percoco used his position as a high-ranking official in the Office of the New York State Governor to obtain payments from two companies,

Competitive Power Ventures (or "CPV") and COR Development, in exchange for official acts that benefited those companies.

To sustain its burden of proof on the extortion counts, the Government must prove that Mr. Percoco was a public official; that he obtained property not legitimately due to him as a public official; and that the property was given to him voluntarily. Additionally, the Government must prove that Mr. Percoco obtained the property as a *quid pro quo* for official action. *Quid pro quo* is Latin, and it means "this for that" or "these for those." Thus, the Government must prove that Mr. Percoco knew that he was expected to take official action in exchange for the property that he allegedly obtained from CPV and COR Development.

To sustain its burden of proof on the conspiracy count, the Government must prove that Mr. Percoco intentionally and knowingly entered into a conspiracy, which is an agreement or understanding, to commit a crime. The Government must prove that the object or goal of the conspiracy was to commit extortion.

    **B.**    **Honest Services Fraud Charges**

All of the Defendants are charged with conspiracy to commit honest services fraud. Honest services fraud involves a scheme to defraud the public of its right to a public official's honest services.

There are two separate fraud conspiracies charged, one involving Mr. Percoco and Mr. Kelly, and another involving Mr. Percoco, Mr. Aiello, and Mr. Gerardi. To prove each charge of fraud conspiracy, the Government must prove that there was a conspiracy—or agreement—to defraud the public of its right to the honest services of Mr. Percoco. The Government must also prove that each fraud scheme involved an agreement to enter into a *quid pro quo* arrangement in which things of value would be exchanged for official actions.

C.   **Bribery Charges**

1.   **Bribery Solicitation Charges**

The indictment charges Mr. Percoco with two counts of soliciting bribes or gratuities. One count charges that Mr. Percoco solicited things of value from CPV with the intent to be influenced or rewarded in connection with CPV's business before New York State, while the other count charges that Mr. Percoco solicited things of value from COR Development with the intent to be influenced or rewarded in connection with COR Development's business before the State. A "bribe" involves the payment or receipt of something of value as part of a *quid pro quo* arrangement, whereas a "gratuity" does not involve a *quid pro quo*.

For each of these charges, the Government must prove that Mr. Percoco was an agent of New York State; that Mr. Percoco solicited, demanded, accepted, or agreed to accept things of value; and that Mr. Percoco did so corruptly and with the intent to be influenced or rewarded in connection with New York State business.

2.   **Bribery Payment Charges**

In one count, Mr. Kelly is charged with paying bribes or gratuities to Mr. Percoco with the intent to influence or reward him in connection with CPV's business before New York State. In another count, Mr. Aiello and Mr. Gerardi are charged with paying bribes or gratuities to Mr. Percoco with the intent to influence or reward him in connection with COR Development's business before the State. As I stated earlier, a "bribe" involves a *quid pro quo* arrangement, whereas a "gratuity" does not.

To sustain its burden of proof on these charges, the Government must prove that Mr. Percoco was an agent of New York State; that the charged defendant gave, offered, or agreed to

give a thing of value to Mr. Percoco; and that the defendant did so corruptly and with the intent to influence or reward Mr. Percoco in connection with New York State business.

### D. Official Acts

In describing some of these charges, you have heard me use the terms "official act" or "official action." Those terms have a specific meaning, which I will explain more fully at the end of trial. For now, you should know that "official action" is a formal action or decision on a specific matter before the Government.

### E. False Statement Charges

Finally, Mr. Aiello and Mr. Gerardi are each charged with making false statements to federal agents and representatives of the U.S. Attorney's Office. Specifically, the indictment alleges that Mr. Aiello and Mr. Gerardi each falsely denied making payments to Mr. Percoco.

Among other elements, the Government must prove that the defendant knowingly and willfully made a false statement and that the statement was material. In this context, a statement is material if it is capable of influencing a decision or activity of the Government.

## VII. BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE

That is a short summary of some of the elements of the charged crimes. As to each of the crimes charged, there are other elements that the Government must prove, but for now, that gives you a general idea of some of the things that you will be asked to decide at the end of the trial. At the end of the trial, I will give you complete instructions about what the Government must prove in order to satisfy its burden of proof, and those instructions will control your deliberations.

For now, I will ask you to remember that the indictment is only an accusation; it is <u>not</u> proof of guilt or anything else. The Defendants are presumed innocent, and the Government has

the burden of proving guilt beyond a reasonable doubt.  Put differently, the Defendants start trial with a clean slate, and they keep that clean slate throughout the trial until you retire to deliberate.

Because the burden of proof is on the Government, the Defendants and their lawyers need not present any evidence in this case if they choose not to do so.  They could sit in silence throughout all of these proceedings without ever saying a word, and you could draw no inference against them from that fact.  You cannot find the Defendants guilty unless and until you are unanimously convinced, beyond a reasonable doubt, of their guilt based on the evidence in the case.

* * *