**Schulte Roth&Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2380

Writer's E-mail Address
Barry.Bohrer@srz.com

February 13, 2018

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  **United States v. Percoco, et al., 16 Cr. 776 (VEC)**

Dear Judge Caproni:

  We represent Joseph Percoco in the above-referenced matter.  We respectfully submit this letter on behalf of Mr. Percoco and in support of the motion of his co-defendant, Peter G. Kelly, Jr., to admit evidence of their goodwill and friendship.  In particular, we seek the admission of the emails marked BKX 1158 & 1159, as well as the emails marked BKX 1167 & 1169.  (Percoco and Kelly also reserve the right to offer additional proof regarding goodwill and friendship.)  Mr. Kelly joins this letter.

  Evidence of Percoco and Kelly's friendship is central to the defense because that goodwill and friendship was the real reason that Kelly wanted to help Percoco in the fall of 2012; when Kelly hired Percoco's wife he was doing a favor for his friend with no expectation that he would receive anything in return.  That friendship began with the August 2010 Montauk fishing trip.  The emails about the trip, which include BKX 1158, 1159, 1167, and 1169, show Percoco's state of mind and Kelly's state of mind.  Fed. R. Evid. 803(3).  They show Percoco and Kelly's sincere bond formed over a shared pastime (fishing, of course) and their pleasure in each other's company.

  In so doing the emails also tend to make more probable that Kelly's favor for Percoco arose from goodwill and friendship.  Fed. R. Evid. 401; *see also United States v. Ganim*, 510 F.3d 134, 149 (2d Cir. 2007)(approving of district court's jury instruction that "bribery is not proved if the benefit is intended to be, and accepted as simply an effort to buy favor or generalized goodwill from a public official who either has been, is, or may be at some unknown, unspecified later time, be in a position to act favorably on the giver's interests….That describes legal lobbying.")  *United States v. Wright*, 665 F.3d 560, 572 (3d Cir. 2012) ("Teitelman's friendship with Wright offers a motive for his generosity other than [honest services] fraud.  The jury could have found that friendship, not fraud, motivated Teitelman to find the apartment in

Honorable Valerie E. Caproni
February 13, 2018
Page 2

Center City and to act as Wright's lawyer."); *United States v. Sawyer,* 85 F.3d 713, 741 (1st Cir. 1996)("[W]e do not believe [] that payments for entertainment, lodging, golf, sports events, and the like would constitute violations of the…mail and wire fraud statutes…if the aim of the lobbyist were simply to cultivate a business or political 'friendship' with the legislator….[I]f Sawyer had this limited intent—to cultivate friendship rather than to influence an official act—the federal statutes here involved would not be violated."); *United States v. Dimora*, 843 F. Supp. 2d 799, 836 (N.D. Ohio 2012) ("The Court will also permit evidence that various things of value were offered or received as tokens of friendship, with no expectation of the receipt of a reciprocal benefit, such as the award of a public contract.")  With the import of goodwill and friendship very much in mind, counsel for Percoco discussed both the fishing trip and the men's general affection for their hobby in his opening statement,[1] as did counsel for Kelly.[2]

      Moreover, the time period at issue (August 2010), and indeed the very same fishing trip, was discussed at length on the government's direct, and when the government offered emails and pictures regarding that trip the Court entered the exhibits into evidence, presumably as evidence of the conspiracy.  That is certainly how the government depicted the fishing trip in the Complaint.  *See United States v. Joseph Percoco, et al.*, Compl., 16 MAG 6005, at 24 ¶ 37a; *see also id.* at ¶ 37d (re Kelly inviting Percoco on another fishing trip).  If the Court will allow the government to depict a fishing trip as the germ of a conspiracy, then the defense must be allowed to show it was the beginning of a friendship.

                        Respectfully submitted,

                        /s/ Barry A. Bohrer
                        Barry A. Bohrer
                        Michael L. Yaeger
                        Andrew D. Gladstein
                        Abigail F. Coster
                        Nicole Geoglis

---

[1]    Tr. 57, ln. 13–25 and Tr. 67, ln. 22-25.

[2]    Tr. 81, Ln. 21–25 and Tr. 84, ln. 10–12.