# BRACEWELL

May 15, 2018

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   United States v. Ciminelli, S1 16 Cr. 776 (VEC)

Dear Judge Caproni:

This letter is respectfully submitted on behalf of the Buffalo defendants -- Louis Ciminelli, Kevin Schuler and Michael Laipple -- in response to the government's in limine motions.

The government has moved to exclude evidence of the alleged "merits or public benefits of the projects at issue." G. Letter 4/25/18 at 9. For the Buffalo defendants, the project is the 1.2 million square feet "Gigafactory" at the Riverbend site in Buffalo, where SolarCity now produces state-of-the-art solar panels. The merits of the project for the City of Buffalo, where it provides thousands of jobs, are hard to dispute. That said, we agree with the government that it should not be a subject for proof at trial. We therefore do not oppose to the government's motion on this issue.

It bears emphasis, however, that what is a subject for proof is whether FSMC got what it paid for at the Riverbend site. That, of course, is a critical issue in any "right to control"

**Paul Shechtman**
Partner

T: +1.212.508.6107     F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
paul.shechtman@bracewell.com     bracewell.com

# BRACEWELL

May 15, 2018
Page 2

wire fraud case.  See, e.g., United States v. Binday, 804 F.3d 558, 570 (2d Cir. 2015)("we have repeatedly rejected application of the mail and wire fraud statutes where the purported victim received the full economic benefit of the bargain").  The Buffalo defendants intend to show that the Riverbend project was completed on time and on price; that it was high quality work; and that LPCiminelli's fee for the work it performed was commercially reasonable.  Compare United States v. Finazzo, 850 F.3d 94, 114 (2d Cir. 2017)("there was ample evidence that, in steering business to South Bay, Finazzo tangibly harmed Aeropostale").

In its motion, the government makes the point that all that LPCiminelli obtained when it won the Buffalo RFP was the status of "preferred developer" and that "[p]rojects were not assigned until after the companies won the RFP and became preferred developers."  G. Letter at 9-10.  That, of course, is true.  If the government is suggesting, however, that preferred developer status is the "property" at issue in this case, we obviously disagree.  See Buffalo Defendants' Letter 4/25/18 at 5-8.  As we have argued, the wire fraud statute protects traditional property rights, Cleveland v. United States, 531 U.S. 12, 23 (2000), and "preferred developer status" is not one.[1]

---

[1]   The government refers to the original Riverbend project as "initially being worth $225 million."  That is a half-truth.  The total budget was $225 million but, of that sum, $165 million was for "tools" -- i.e., the equipment inside the facility that would be used to manufacture the panels.  At trial, the government should not be permitted to inflate the numbers for effect.

# BRACEWELL

May 15, 2018
Page 3

We join the other defendants' responses to the government's other <u>in limine</u> motions.

                Respectfully submitted,

                /s/ Paul Shechtman

                Paul Shechtman
                Partner


                Spencer Durland
                Hodgson Russ LLP

PS/SD:wr

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

#5695219.1