

Walden Macht & Haran LLP

One Battery Park Plaza, 34th Floor
New York, NY 10004
212 335 2030

May 15, 2018

<u>Via CM-ECF</u>

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *United States v. Alain Kaloyeros, et al.,* No. 16-CR-776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

   We are counsel for Defendant Joseph Gerardi. This letter is jointly submitted on behalf of Mr. Gerardi and Defendant Steven Aiello (collectively, the "Syracuse Defendants") in response to the Government's April 25, 2018 motion *in limine* (Docket No. 635), (1) to admit at trial proffer statements of the Syracuse Defendants, and (2) to preclude the Syracuse Defendants from introducing potential evidence regarding the merits and public value of projects built in Syracuse related to the allegations in the June Trial.

   The Government's motion *in limine* should be denied. We respectfully request that the Court find that the Government's misconduct precludes it from introducing proffer statements of the Syracuse Defendants. We also ask the Court to reject the Government's effort to deprive the jury of critical evidence needed to fairly assess the Syracuse Defendants' state of mind.

   As for the Government's request for an order requiring Mr. Gerardi and Mr. Aiello to announce whether they intend to pursue an advice-of-counsel defense: neither Mr. Gerardi nor Mr. Aiello will be asserting such a defense.

**I. Proffer statements by Aiello and Gerardi should not be admitted.**

   As it did before the January Trial, the Government, in its April 25, 2018 motion *in limine*, asks the Court's permission to introduce certain statements it alleges the Syracuse Defendants made during their respective June 21, 2016 proffer sessions with the Government. In our November 30, 2017 response before the January Trial, we urged this Court to bar admissibility of the Syracuse Defendants' proffer statements because the Government had fraudulently induced them to enter into Proffer Agreements. (Docket No. 371). The Court rejected our argument, finding that "Aiello's and Gerardi's proffer agreements constitute a valid waiver of their rights

under Federal Rule of Evidence 410." (Dec. 13, 2017 Conf. Tr. at 108). The Court "accept[ed] the government's explanation that [Aiello and Gerardi] were subjects until the proffer, at which point they became targets." (*Id.* at 108:18-24). We renew our argument that prosecutorial misconduct induced the Syracuse Defendants to participate in extended voluntary proffer interviews with the Government, and we incorporate our prior papers and argument by reference (*see* Docket No. 371).

Even if the Court finds that the Syracuse Defendants waived their Fed. R. Evid. 410 objection to the introduction of their proffer statements, we strongly urge the Court, for the reasons stated in our April 24, 2018 motion *in limine* (Docket No. 627), to preclude the Government from introducing those statements that relate to the Percoco Bribery Scheme (the subject of the January Trial). As we argued in our April 24 letter motion, those statements concern different transactions, are not proper evidence under Fed. R. Evid. 404(b), and would cause an extraordinary risk of unfair prejudice and confusion under Fed. R. Evid. 403. The jury in the last trial found no reason to convict Mr. Gerardi of participating in the Percoco Bribery Scheme and did not find that either he or Mr. Aiello made any false statements regarding the alleged scheme. If the Government were permitted to introduce statements related to the Percoco Bribery Scheme, we would be obliged to re-litigate these issues, likely with the same success, but with a high likelihood of jury confusion.

## II. Evidence of the alleged merits or public benefit of the projects at issue should not be precluded.

Finally, as it did before the January Trial, the Government again seeks to preclude the Syracuse Defendants from introducing evidence regarding the merits and public value of projects built in Syracuse, which are related to the RFP at issue in the June Trial. We urge the Court to reject the Government's motion for the same reasons we articulated in our opposition to the Government's nearly identical motion for the January Trial. (*See* Docket No. 371). We renew our argument that evidence of why the Syracuse Defendants were interested in pursuing the RFP is certainly relevant in a trial where intent is a central issue, and we incorporate our prior papers and argument by reference. (*See id.*).

Evidence of the merits and public benefit of these projects and why the Syracuse Defendants were interested in pursuing them for those reasons is certainly relevant in a trial where intent will be a central issue. Fed. R. Evid. 401. That the Syracuse Defendants pursued these projects not simply to generate revenue, but to create jobs and stimulate the upstate economy, goes to the heart of their dealings with Todd Howe – who, the evidence will show, took criminal advantage of their naiveté and good intentions. To the extent that evidence offered in the June Trial indicates that the Syracuse Defendants were confident in COR's ability to secure Preferred Developer status, such confidence arose not from any corrupt scheme, but from their knowledge that COR was qualified for large-scale, upstate development projects and possessed a history of success in development projects that provided a public benefit.

Moreover, it is rather disingenuous for the Government to argue that "the merits of the final

{00111305.1}

projects could have had no bearing on the bidding process because, as the Government expects to prove, the RFPs purposefully did not describe any particular construction project, instead listing only the qualifications that Fort Schuyler sought in a preferred developer." If the Government commits up front not to introduce evidence or make arguments about specific projects or any causal connection between the bidding process and particular projects, we would forego the introduction of evidence as to the merits and public benefit of those projects.

Thank you for your attention to this matter.

    Very truly yours,

    WALDEN MACHT AND HARAN

    By:    */s/ Milton L. Williams*

        Milton L. Williams
        Avni P. Patel
        Jacob Gardener

cc:    All counsel of record (via ECF)

{00111305.1}