Michael C. Miller
212 506 3955
mmiller@steptoe.com
1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



May 18, 2018

Via ECF and Electronic Mail

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *United States v. Percoco, et al.* **(Case No. 16-cr-776) – Draft Juror Questionnaire**

Dear Judge Caproni:

      We write on behalf of Alain Kaloyeros, Steven Aiello, Joseph Gerardi, Louis Ciminelli, and Michael Laipple regarding the above-referenced matter. As requested by the Court in its Order of May 5, 2018 (ECF No. 647), we have conferred with the Government regarding a mutually agreeable juror questionnaire. The Government has asked us to "note [its] objection and proposed changes in the draft [we] are submitting to the Court." Email from Robert Boone to Michael Miller et al. re Buffalo Billion Trial – Proposed Jury Questionnaire (May 18, 5:28 p.m.). Accordingly, we submit the proposed draft juror questionnaire herewith. We have accepted some of the Government's requests with respect to the questionnaire. All remaining questions to which the Government objects include a note indicating the Government's objection and a footnote with the authority from defendants showing that this question has been deemed appropriate by another trial court. We would, of course, propose omitting these notes and footnotes in the version provided to the jury.

      The Government cites no authority and no reason why it would want *less* assurance of an unbiased jury. Moving certain questions from oral voir dire to written questionnaires enhances efficiency,[1] honesty,[2] and maintains jurors' privacy.[3] Each of the proposed questions has already

---

[1] *United States v. Ashburn*, No. 11-cr-303, 2014 WL 5800280, at *18 (E.D.N.Y. Nov. 7, 2014) (granting motion for a detailed jury questionnaire because "the court finds that utilizing a questionnaire will conserve judicial resources by saving a substantial amount of time relative to a jury selection process in which the entire voir dire is conducted orally."); *United States v. Bruno*, 700 F. Supp. 2d 175, 178 (N.D.N.Y. 2010) (noting the use of a jury questionnaire "as a means to screen the jury pool and expedite selection"); *see United States v. Dervishaj*, No. 13-cr-668, 2015 WL 3794803, at *1 (E.D.N.Y. June 17, 2015) (citing *Ashburn* with approval on this point). In *United States v. Contreras*, for example, juror questionnaires alone permitted the district court to dismiss 132 of the 247 potential jurors without requiring their appearance or oral voir dire. 108 F.3d 1255, 1259 (10th Cir. 1997).

been deemed appropriate by other district courts and each question is intended to elicit information reflecting any biases that would prevent the juror from being impartial even if the juror claims that he or she is capable of impartiality. The goal of this questionnaire is an impartial jury.

Respectfully submitted,

Michael C. Miller

*Counsel for Defendant Alain Kaloyeros*

---

[2] In the introduction to one juror questionnaire, Judge Swain noted that the "purpose of this questionnaire is to encourage your full expression and honesty, so that all parties will have a meaningful opportunity to select a fair and impartial jury to try the issues in this case." *O'Hara*, No. 10-cr-228, Dkt. No. 473 at 2; *see also United States v. Valle*, No. 12-cr-847, Dkt. No. 111 at 2 (S.D.N.Y. Feb. 28, 2013) ("Another purpose of the questionnaire is to encourage juror candor."). Experts have observed that "[j]urors are much more likely to provide honest and candid answers in the non-threatening context of a questionnaire than they are in open court." Gary R. Giewat, Ph.D., *Systematic Jury Selection and the Supplemental Juror Questionnaire as a Means for Maximizing Voir Dire Effectiveness*, 34 Westchester B.J. 49, 56 (2007)); *see* Ted A. Donner & Richard K. Gabriel, Jury Selection Strategy and Science § 16:8 (2016) ("Social science research supports individually questioning jurors outside the presence of other jurors as the most effective method to obtain candid answers to all questions, especially the more difficult questions." (quoting John H. Blume et al., *Probing "Life Qualification" Through Expanded Voir Dire*, 29 Hofstra L. Rev. 1209, 1250 (2001)))).

[3] "[T]he use of a carefully crafted questionnaire can be an important first step in affording jurors some modicum of privacy in their examinations while still being mindful of the court docket. . . . The use of supplemental questionnaires is vital, in particular, to pursuing lines of inquiry that are important to counsel but might otherwise implicate the jurors' interest in maintaining at least some privacy." Ted A. Donner & Richard K. Gabriel, Jury Selection Strategy and Science § 16:8 (2016). In the political corruption trial of Joseph Bruno, a 55-question questionnaire was used to question potential jurors regarding their activity in politics, unions, and views regarding public officials. *United States v. Bruno*, 700 F. Supp. 2d 175, 178 (N.D.N.Y. 2010). After trial, the court held that the answers would remain under seal indefinitely. *Id.*