

May 21, 2018

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   **Re:** *United States v. Kaloyeros, et al.,* **S2 16 Cr. 776 (VEC)**

Dear Judge Caproni:

  We represent Steven Aiello in the above matter and submit this letter jointly with Mr. Gerardi (collectively the "Syracuse Defendants"). The Syracuse Defendants move to preclude the Government's rebuttal expert, George Harris, who the Government represents is an expert in procurement. We join and fully incorporate by reference here the parallel motions to preclude Mr. Harris' testimony brought by our codefendants. In short, Mr. Harris should be precluded as a rebuttal expert because both his credentials and his proposed testimony do not meet the requirements of Federal Rule of Evidence 702.

**Factual and Procedural Background:**

  On April 25, 2018, the Syracuse Defendants notified the Government that we may call Ruth Walters as an expert witness. After over twenty years of working for New York State and serving as the Assistant Comptroller for the State of New York, Ms. Walters founded the Walters Group, a procurement consulting firm that advises for-profit and not-for-profit businesses. The Syracuse Defendants' full disclosure is attached as Exhibit "A". Mr. Laipple, similarly notified the Government that he may call Joseph Hogan as a procurement expert.

  On May 9, 2018, the Government provided notice (Attached as Exhibit "B") that it intended to call Mr. Harris as a rebuttal witness to Ms. Walters and Mr. Hogan. The Government stated that Mr. Harris will testify that for "public" RFPs it is "inappropriate" or "unusual" for the issuing entity to:

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

———————————

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON
SCOTT W. ISEMAN
BRITTNAY M. McMAHON

———————————

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
FLORENCE M. RICHARDSON
CRISTINA D. COMMISSO
GRAIG F. ZAPPIA

———————————

ELIZABETH A. CONNOLLY
CHAD A. JEROME
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
(DIRECTOR, HEALTHCARE CONSULTING GROUP)

*NOT A MEMBER OF THE LEGAL PRACTICE

- share a draft with a single potential bidder;

- meet and discuss a public RFP prior to its official issuance with a single bidder;

- set an early deadline for interested companies to request the RFP;

- to block such companies from getting a copy of the RFP when the due date for responses is not imminent; and

- to require interested companies to sign a non-disclosure agreement before receiving a copy of the RFP.

For the reasons stated below, these opinions and any additional opinions that may derive from the Government's notice should be precluded.

**Legal Standard:**

The admissibility of expert testimony is controlled by Rule 702 which precludes the admission of irrelevant expert testimony or expert testimony that is not sufficiently reliable. *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir. 2001). Under Rule 702, the District Court is the "gatekeeper" of what is appropriate expert proof. *Amorigianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002). After determining relevancy, the District Court should consider whether (1) the testimony has a sufficiently reliable foundation; (2) the testimony is based on reliable principles and methods; and (3) the witness has reliably applied those principles and methods to the facts of the case. *Id*. Exclusion applies when the testimony is "speculative or conjectural", based on bad faith assumptions or is "in essence an 'apples and oranges comparison.'" *Boucher v. United States Suzuki Motor Corp*., 73 F.3d 18, 21 (2d Cir. 1996) (quoting *Shatkin v. McDonnell Douglas Corp.,* 727 F.2d 202, 208 (2d Cir. 1984).

**Mr. Harris does not qualify as an expert under Rule 702:**

Mr. Harris' testimony should be precluded because he does not possess the required knowledge, skills, experience, training or education to testify as an expert under Rule 702. As described below, Mr. Harris has limited experience with New York State's procurement paradigm.

According to the Government's disclosure, Mr. Harris is the owner of Calyptus Consulting Group, Inc. ("Calyptus"). Calyptus, located in Stockbridge, Massachusetts, holds itself out as a "professional services company offering consulting and training solutions to improve performance" that provides "services in transit management, government acquisition [and] procurement." (Available at: https://www.calyptusgroup.com/ ). For his part, Mr. Harris "specializes in the areas of procurement, materials management, lean management and quality systems." *See* Ex. "B" at 4. While Mr. Harris may have appropriate levels of education, training and experience in federal procurement and procurement related to transit authorities, he does not

demonstrate any experience with private procurement in New York or with private, non-profit entities (similar to Fort Schuyler Management Corporation) that are established under New York State law specifically to facilitate economic development. Due to his lack of relevant experience, Mr. Harris is not qualified under Rule 702.

Additionally, the opinions that Mr. Harris could offer are not relevant since he would be comparing the **private** procurement process at issue here to his experience in **public** procurement processes around the country. Since "[a] witness's qualifications 'can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony'" it appears that Mr. Harris' qualifications are not in line with testimony that would be relevant for the jury to consider in this matter and should therefore be precluded. *In re Fosamax*, 645 F. Supp. 2d 164 at 172 (quoting *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990)).

**Mr. Harris' opinions are not reliable:**

Mr. Harris' lack of experience with New York's procurement process is compounded because it appears that his proffered opinions are not informed by the review of any material associated with this case. Attached as Exhibit "C" is the *Jenks* material the Government produced to the Syracuse Defendants concerning Mr. Harris. The first bullet from the Government's notes indicates that Mr. Harris "Has not reviewed docs." Opinions based on the review of no facts cannot be "the product of reliable principles and methods" or the reliable application of those principles and methods "to the facts of this case" as required by Rule 702(c) and (d). In fact, nothing could be more speculative. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 37331, at 24 (S.D.N.Y. May 7, 2008) (noting that the testimony of non-scientific experts can be unreliable when the "testimony is not grounded in facts and is speculative"). Indeed, Mr. Harris' failure to review any of the documents before rendering an opinion is in direct contrast with his standard procedure which includes reviewing the entire "procurement file." *See* Ex. "C" at 2. Such speculative opinions must be precluded.

**Mr. Harris compares "apples to oranges":**

Since, Mr. Harris does not have relevant experience with the procurement systems and procedures at issue here, his testimony does not "fit" and should be precluded. *Daubert v. Merrell Down Pharms., Inc.*, 509 U.S. 579 at 591 (1993). As the Supreme Court observed in *Daubert,* "[r]elevance can be expressed as a question of 'fit' – 'whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* (*citing United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985). The Supreme Court similarly observed that validity for one purpose does not mean it is valid for other unelated purposes. *Id*. While, Mr. Harris' testimony may be valid if the Syracuse Defendants were accused of rigging the bid process for a federally funded public transportation project, it is not valid when applied to the procurement process for uniquely-created private, not-for-profit entity seeking to identify preferred developers for *unknown* development projects within certain regions of New York State. Applying Mr. Harris' experience to the matters at

issue here would therefore result in comparison of "apples to oranges" and should be precluded. *See Boucher*, 73 F.3d at 21.

Under these circumstances, Mr. Harris' testimony should also be precluded under Rule 403 since it would be substantially more confusing than probative to have Mr. Harris compare the private procurement process at issue here to unrelated public processes from around the country that he has experience with.

**Conclusion:**

For these reasons these reasons, Mr. Harris should be precluded as a rebuttal expert. In the alternative, the Court should hold a *Daubert* hearing to determine whether Mr. Harris is qualified and, if so, the admissibility of his testimony.

Thank you for your attention to this matter.

Very truly yours,

O'CONNELL AND ARONOWITZ

By:     */S/ Stephen R. Coffey*

Stephen R. Coffey
Scott W. Iseman

cc:     All parties via ECF