Michael C. Miller
212 506 3955

mmiller@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



May 23, 2018

<u>Via ECF</u>

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *United States v. Percoco, et al.* **(Case No. 16-cr-776) – Proposed Changes to Draft Juror Questionnaire**

Dear Judge Caproni:

      We write on behalf of Alain Kaloyeros, Mike Laipple, Lou Ciminelli, and Stephen Aiello regarding the above-referenced matter. As requested by the Court in its May 22, 2018 Order (ECF No. 670), we propose the following changes to the Court's proposed questionnaire.

* * *

A.    In the Introduction section, we request that "selection of COR Development and LPCiminelli as 'preferred developers' for construction projects in Syracuse and Buffalo, New York" be changed to "selection of COR Development and LPCiminelli as 'preferred developers' to develop strategic partnerships for potential projects in Syracuse and Buffalo, New York."

      The modified language would better track the RFPs' and board resolutions' actual language. *See, e.g.*, Request for Proposal at 4 (Oct. 15, 2013) ("FSMC and SUNY CNSE seek to develop strategic partnerships with a qualified local developer in the Greater Buffalo Area for <u>potential</u> research, technology outreach, business development, manufacturing, and education and training hubs.") (emphasis added); Fort Schuyler Management Corporation Resolution No. 102 at 2 (Oct. 11, 2013) (same); Fort Schuyler Management Corporation Resolution No. 106 at 2 (Jan. 28, 2014) (same except using "Corporation" instead of "FSMC").[1] No construction projects were guaranteed as a result of the strategic partnership RFPs.

---

[1] These three documents are available on FSMC's website at http://www.ftsmc.org/relevant-documents/.

B.     In the Introduction section, we request that, after "You are sworn to give truthful answers, so you must provide full and accurate information in response to each question," the following sentences be added: "You may not recall every responsive detail. That is okay. Do your best to provide the full and accurate information that you do recall."

These additional sentences will encourage jurors to include information relevant to bias even if they do not have perfect recall.

C.     We request that Question 15 be modified to read "Have you or has any member of your family or a close friend ever bid for a contract with the New York State government, any New York State agency, department, public benefit corporation, or private not-for-profit corporation affiliated with a public government entity?"

This modification would add "private not-for-profit corporation affiliated with a public government entity" because FSMC is not an agency, department, or legislatively-created public benefit corporation. Contracting or contract bidding experience with entities similar to FSMC would create a presumption in a juror's mind of how such a process should be run. Moreover, if the juror lost a bid, they may believe that it was because of bid-rigging and seek to punish Defendants as a substitute for the person involved in his or her RFP. This modification would add "the New York State government" because any government contracting or contract bidding experience is relevant for the same purpose.

* * *

The following requests reference selected questions from the Proposed Juror Questionnaire submitted by the parties on May 18, 2018 (Dkt. No. 662-1).

D.     We request that the Court reconsider including the suggested question about Background information:

**Background Information**

Occupation: _____          Past occupation: _____

Marital Status: _____          Spouse's occupation: _____

Last school attended: _____          Place of Residence: _____

Highest level education completed (check one):     ☐ No high school degree

               ☐ High school

               ☐ Some college

               ☐ College

               ☐ Postgraduate degree

  Background information is a routine and frequent feature in voir dire or juror questionnaires, *see, e.g.*, *United States v. Barnes*, 604 F.2d 121, 135 (2d Cir. 1979) (voir dire); Juror Questionnaire, *United States v. Discala*, No. 14-cr-399, Dkt. No. 501 (S.D.N.Y. Feb. 13, 2018); Juror Questionnaire, *United States v. Ashburn*, No. 11-cr-303, Dkt. No. 291 (E.D.N.Y. Jan. 22, 2015); Jury Questionnaire, *United States v. Dervishaj*, No. 13-cr-668, Dkt. No. 93 (E.D.N.Y. June 26, 2015); Juror Questionnaire, *United States v. Bruno*, No. 09-cr-29, Dkt. No. 215 (N.D.N.Y. Jan. 29, 2010). We have proposed omitting the blanks for "Place of Birth" and "Major or Area of Study" to focus on the most important portions of the question.

E. We request that the Court reconsider including Proposed Juror Questionnaire Question No. 10, as edited:

> You may hear in this case that New York State has authorized the creation and use of private not-for-profit corporations, like FSMC, to facilitate investments in land, buildings and economic development outside of the laws and regulations applicable to the New York State's government and its agencies. Does the creation and use of these not-for-profit corporations to facilitate investments and economic development, which is entirely lawful seem improper to you?

  While the use of private not-for-profit corporations is a perfectly legal method for the State to engage in economic development outside of the laws and regulations that govern State agencies and departments, potential jurors might view this practice as inefficient, improper, or otherwise objectionable. Those jurors may be biased against the Defendants and find fault in their participation in the procurement activities of a private not-for-profit affiliated with a New York State school because the process, in their personal view, seems unfair or undesirable.

F. We request that the Court reconsider including Proposed Juror Questionnaire Question No. 12: "Do you have any opinion of Governor Cuomo that might affect your ability to be a fair and impartial juror in a case involving his associates or friends?"

  As confirmed by a quick review of current media coverage,[2] citizens of New York tend to have strong views about Governor Andrew Cuomo and his administration. The evidence at trial

---

[2] *See, e.g.*, Russell Berman, *Is the 'Cynthia Effect' Real?*, The Atlantic (May 21, 2018), https://www.theatlantic.com/politics/archive/2018/05/cynthia-nixon-andrew-cuomo-democrats-governor-new-york-primary/560192/ (noting that "Cuomo is polarizing among Democrats [because h]is critics see him as embodying the Third Way centrism that Bill Clinton popularized a quarter-century ago but which has long since gone out of style among progressives."); David Nir, *Andrew Cuomo is a Terrible Democrat*, Daily Kos (May 3, 2018), https://www.dailykos.com/stories/2018/5

will show that Dr. Kaloyeros worked closely on Governor Cuomo's Buffalo Billion project and had interactions with the Governor. Mr. Ciminelli, Mr. Aiello, and Mr. Gerardi also had direct and/or indirect interactions with the Governor. Any juror biased against Governor Cuomo is likely to distrust Dr. Kaloyeros, Mr. Ciminelli, Mr. Aiello, and Mr. Gerardi. *Cf.* Juror Questionnaire, *United States v. Bruno*, No. 09-cr-29, Dkt. No. 215 (N.D.N.Y. Jan. 29, 2010) (asking separately about views about the defendant-politician and views about other public officials that would influence the potential juror's judgment in the case). The modifier requiring an effect on the ability of the juror to be fair and impartial will ensure that only those jurors likely to harbor meaningful bias respond.

G.  We request that the Court reconsider including one question in Proposed Juror Questionnaire Question No. 14: "Have you or has any family member or a close friend ever requested assistance from an elected official's office?"

Those jurors who request special assistance from an elected official's office may have a strong view on the interactions between contractors and private and public sector employees at issue in this case. As an alternative to the language proposed, above, the Court might consider limiting this question to "assistance from an elected ***New York State*** official's office." (Bold and italics to denote insertion).

H.  We request that the Court reconsider including Proposed Juror Questionnaire Question No. 23: "Do you have any experience with or knowledge of procurement procedures or determining which vendor a company should hire for a project?"

Those jurors with knowledge and experience relating to procurement procedures may be predisposed to believe that procurement should occur in their preferred or practiced manner. Just as the parties to a criminal trial involving allegations of bank robbery are entitled to know that a juror has worked as a bank teller, this information is part of the reasonable mix of data points that the parties should have access to when selecting the jury in this case.

I.  We request that the Court reconsider including Proposed Juror Questionnaire Question No. 27: "Have you or has any member of your family or a close friend ever served as a juror in criminal or civil trial?"

The fact that a potential juror has participated in prior trials may provide the parties with some indication about how that potential juror will function as a member of this jury. The prior service may raise questions about a proposed juror's potential confusion about the applicable substantive and procedural law and the differences between criminal and civil cases, and about whether the juror's prior experience was materially positive or negative such that that prior experience might influence a juror's view about the instant case. Jurors that have previously served and are not actively attempting to avoid repeat service are more likely to be attentive and

---

/3/1761682/-Andrew-Cuomo-s-one-of-the-worst-Democrats-in-America-but-we-can-replace-him-with-a-true-progressive; Post Editorial Board, *Comrade Cuomo's May-Day*, N.Y. Post (May 2, 2018), https://nypost.com/2018/05/02/comrade-cuomos-may-day/.

interested over the course of what the Government has represented to be a lengthy trial. This question is routinely included on juror questionnaires. *See, e.g.*, Juror Questionnaire, *United States v. Discala*, No. 14-cr-399, Dkt. No. 501 (S.D.N.Y. Feb. 13, 2018); Juror Questionnaire, *United States v. Ashburn*, No. 11-cr-303, Dkt. No. 291 (E.D.N.Y. Jan. 22, 2015); Juror Questionnaire, *United States v. Bruno*, No. 09-cr-29, Dkt. No. 215 (N.D.N.Y. Jan. 29, 2010).

J. We request that the Court reconsider including Proposed Juror Questionnaire Question No. 29: "Have you or has any member of your family or a close friend ever worked for law enforcement or a related agency, such as a police department, a prison, or immigration enforcement?"

Law enforcement experience has been widely recognized as a reliable indicator of attitudes towards criminal defendants. While being a member of law enforcement or a family member of a law enforcement official is by no means disqualifying, this information is useful in determining whether additional voir dire for a potential juror is necessary. This question is therefore routinely included on juror questionnaires. *See, e.g.*, Jury Questionnaire, *United States v. Dervishaj*, No. 13-cr-668, Dkt. No. 93 (E.D.N.Y. June 26, 2015); Juror Questionnaire, *United States v. Ashburn*, No. 11-cr-303, Dkt. No. 291 (E.D.N.Y. Jan. 22, 2015); Juror Questionnaire, *United States v. Bruno*, No. 09-cr-29, Dkt. No. 215 (N.D.N.Y. Jan. 29, 2010); *see also United States v. Barnes*, 604 F.2d 121, 135 (2d Cir. 1979) (noting that this question was asked during voir dire).

K. We request that the Court reconsider including Proposed Juror Questionnaire Question No. 34:

> The Judge will instruct you that you must apply the following legal principles. Will you have any trouble following any of them? A. The defendants are presumed to be innocent. B. The indictment is just a list of the government's accusations. It is <u>not</u> evidence against the defendants. C. The defendants have no obligation to prove or say anything. If a defendant does not testify, the jury may not consider that fact in any way in reaching a decision as to whether a defendant is guilty or not guilty. D. The Judge will instruct you as to the elements of each offense charged. The government has the burden to prove guilt beyond a reasonable doubt as to each and every element of every offense charged. E. The Judge will instruct you that campaign contributions and fundraising are an important and completely legitimate part of the American system of privately-financed elections. The Judge will also instruct you that the contributions in this case were perfectly legal.

Each of these questions states a plainly applicable principle of law that some jurors may struggle to follow. Even if a juror says that she will follow the Court's legal instructions, she may be more hesitant when it comes to a single instruction that cuts against personally held views that, for example, "if a defendant were really innocent, she would testify" or "only guilty

people get charged." The ability to follow the principles set forth in this proposed question is the fundamental requirement of a juror in a federal case. Courts have routinely and repeatedly asked similar questions about the ability to follow these legal principles and others. *See, e.g., United States v. Sattar*, 395 F. Supp. 2d 66, 70 (S.D.N.Y. 2005), *aff'd sub nom. United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009); Jury Questionnaire, *United States v. Dervishaj*, No. 13-cr-668, Dkt. No. 93 (E.D.N.Y. June 26, 2015); Juror Questionnaire, *United States v. Ashburn*, No. 11-cr-303, Dkt. No. 291 (E.D.N.Y. Jan. 22, 2015); Proposed Juror Questionnaire, *United States v. Espada*, No. 10-cr-985, Dkt. No. 61-1 (E.D.N.Y. Feb. 8, 2012).

L.      We request that the Court reconsider including Proposed Juror Questionnaire Question No. 38: "Is there anything else that might affect your ability to be a fair and impartial juror?"

This question guards against the possibility that we have neglected to ask an important question or that the juror harbors an undetected prejudice that the juror wrongfully believes has application to this case. For example, we have asked no questions about prejudices surrounding race and national origin, but such a prejudice could create impermissible bias. Multiple courts have relied on this sort of general question as a way for jurors to disclose bias or prejudice. *See, e.g.*, Juror Questionnaire, *United States v. O'Hara*, No. 10-cr-228, Dkt. No. 473 (S.D.N.Y. Oct. 3, 2013); Juror Questionnaire, *United States v. Bruno*, No. 09-cr-29, Dkt. No. 215 (N.D.N.Y. Jan. 29, 2010).

\* \* \*

M.      We request that the Court add Spencer Durland from Hodgson Russ LLP to question 4.d.

\* \* \*

The above-referenced requests will help ensure an unbiased jury and have been recognized as appropriate by multiple district courts in the Second Circuit. For those reasons and those stated above, we respectfully submit the requests for modifications to the Draft Juror Questionnaire along with a tracked changes version of the Draft Juror Questionnaire reflecting the requested modifications. We will submit the tracked changes version in .doc format via email.

Respectfully submitted,

Michael C. Miller
*Counsel for Defendant Alain Kaloyeros*