

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON
SCOTT W. ISEMAN
BRITTNAY M. McMAHON

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
FLORENCE M. RICHARDSON
CRISTINA D. COMMISSO
GRAIG F. ZAPPIA

ELIZABETH A. CONNOLLY
CHAD A. JEROME
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
(DIRECTOR, HEALTHCARE CONSULTING GROUP)

*NOT A MEMBER OF THE LEGAL PRACTICE

June 10, 2018

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  **Re:** *United States v. Kaloyeros, et al.*, **S2 16 Cr. 776 (VEC)**

Dear Judge Caproni:

  We represent Steven Aiello in the above matter and submit this letter motion to dismiss the remaining counts (counts One and Two) of the Trial Indictment for lack of venue.

**Legal Standard:**

  The Sixth Amendment gives Mr. Aiello the "right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Accordingly, Federal Rule of Criminal Procedure 18 provides that, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Moreover, the Supreme Court has held venue provisions should be restrictively construed. *United States v. Johnson*, 323 U.S. 273, 276 (1944).

  In a mail/wire fraud case, venue "is limited to where the defendant places, deposits, causes to be deposited, takes, or receives mail, or knowingly causes mail to be delivered." *United States v. Ramirez*, 420 F.3d 134, 146 (2d Cir. 2005). As the Second Circuit put it, "prosecution under the mail fraud statute is permissible only in those districts in which a proscribed act occurs." *United States v. Brennan*, 183 F.3d 139, 147 (2d Cir. 1999). For a conspiracy "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed" by any co-conspirator. *United States v. Tzolov*, 642 F.3d 314, 319-20 (2d Cir. 2011) (quotation omitted). At the pretrial stage, the Government must show "that the indictment alleges facts sufficient to support venue" for each count. *United States v. Peterson*, 357 F. Supp. 2d

748, 751 (S.D.N.Y. 2005). In evaluating whether the Government has met that threshold, the court is tasked with "identify[ing] the conduct constituting the offense, and then discern[ing] the location of the commission" of those acts. *Ramirez*, 420 F.3d at 138. The Indictment does not meet these standards with respect to Mr. Aiello and should be dismissed.

**Argument:**

The Court is presented with the unique circumstance where the Government has pled itself out of venue in this case. The Indictment does not sufficiently allege venue in the Southern District of New York because all of the proscribed conduct it describes is alleged to have occurred outside this District. In support of venue, the Indictment contains summary allegations in Counts One and Two that "in the Southern District of New York and elsewhere" Mr. Aiello conspired to commit wire fraud and committed wire fraud. *See* Trial Indictment at ¶¶ 22 and 25. Paragraph 19 of the Indictment also contains the summary allegation that Mr. Aiello "[i]n the course of, and in furtherance of, the criminal scheme…exchanged emails and telephone calls with individuals located in Manhattan, New York." Trial Indictment at ¶19. Had the Government left it there, those summary allegations would likely be sufficient to plead venue and leave the matter for determination at trial. When these summary allegations are read in context with the remainder of the Indictment, however, it is obvious that the Indictment does not establish venue in this District.

The Indictment alleges that Mr. Aiello defrauded Fort Schuyler Management Corporation ("Fort Schuyler"). The Indictment describes Fort Schuyler as a non-profit real estate corporation located in Albany, New York. *Id*. at ¶3. For his part, Mr. Aiello is described as a founder of the Syracuse Developer and its President. *Id.* At ¶10. The Syracuse Developer is described as a "real estate development firm located in Syracuse, New York." *Id*. ¶8. The Indictment describes that the object of the conspiracy and the scheme to defraud are projects "of any size in or around Syracuse without further competitive bidding". *Id*. At ¶ 9. Indeed, the Indictment states that the Syracuse Developer ultimately received two projects as a result of this scheme to defraud "in the vicinity of Syracuse, New York." Notably, none of the Mr. Aiello's codefendants are alleged to have any contacts with this District and not one fact relative to the proscribed conduct in this multi-page speaking Indictment is alleged to have occurred in this District. There is no question that the force propelled by these allegations is outside this District.

Under the Government's theory, the proscribed conduct alleged in the Indictment is that Mr. Aiello tailored a Request for Proposal ("RFP") to favor his firm and obtain lucrative development contracts and in doing so, exposed Fort Schuyler to the risk of economic harm and conspired with others in the process. According to paragraphs 1- 20, none of that conduct is alleged to have occurred in this District. The only factual nexus the Government alleges with this District is that Mr. Aiello and his codefendants, exchanged interstate emails and telephone calls with individuals" who worked at the Governor's Office and Empire State Development's offices in Manhattan. *Id*. at 19. But we know from the allegations in the Indictment, that none of this

conduct that the Government ties to this District is the proscribed conduct.[1] At best, venue in this District depends on remote, tangential and prepatory communications with non-victims. As a result, venue is improper and further prosecution of Mr. Aiello in this District is unconstitutional. We therefore respectfully request that the remaining Counts (Counts One and Two) against Mr. Aiello be dismissed.

      Thank you for your attention to this matter.

      Very truly yours,

      O'CONNELL AND ARONOWITZ

      By:    */S/ Stephen R. Coffey*

      Stephen R. Coffey
      Scott W. Iseman

cc:    All parties via ECF

---

[1] We also know from the discovery and the Government's proposed exhibits that contact in this District is limited to emails to Andrew Kennedy, the Assistant Secretary for Economic Development and members of Empire State Development from Fort Schuyler/SUNY Poly personnel (not Mr. Aiello) seeking funding to execute the Syracuse Region projects. None of these exhibits have any bearing on the proscribed conduct at issue in Counts One and Two.