```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____               │
│ DATE FILED:___5/18/2020___                │
└─────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,                    :
                                             :
        -against-                            :          16-CR-776 (VEC)
                                             :
JOSEPH PERCOCO,                              :             ORDER
                                             :
                        Defendant.           :

------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 9, 2018, Mr. Percoco filed a notice of appeal of his judgment of conviction. Dkt. 879.

WHEREAS the appeal of Mr. Percoco's conviction remains pending;

WHEREAS on May 4, 2020, Mr. Percoco moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkts. 1006, 1009, 1010, 1012);

WHEREAS on May 13, 2020, the Government filed an opposition (Dkt. 1017);

WHEREAS on May 18, 2020, Mr. Percoco filed a reply in which he asserted that he is not seeking compassionate release but is instead seeking a temporary furlough (Dkt. 1018 at 1);

WHEREAS a court may, according to the plain language of 18 U.S.C. § 3582(c), reduce Mr. Percoco's sentence under the rubric of compassionate release *only* "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," 18 U.S.C. § 3582(c)(1)(A);

WHEREAS the furlough statute, 18 U.S.C. § 3622, authorizes the "Bureau of Prisons [to] release a prisoner from the place of his imprisonment for a limited period" under certain circumstances;

IT IS HEREBY ORDERED THAT:

1. Mr. Percoco's furlough request is DENIED without prejudice to make the request to the Bureau of Prisons.  The Bureau of Prisons has sole authority to release a prisoner under the furlough statute.  *United States of America v. Roberts*, No. 18-CR-528, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) (collecting cases);

2. Mr. Percoco's now-disclaimed motion for compassionate release is DENIED for lack of jurisdiction.  Because the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), this Court lacks jurisdiction to modify Percoco's sentence.  *See United States v. Martin,* No. 18-CR-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) ("Once [defendant] filed his notice of appeal challenging the Court's sentence, jurisdiction over the question raised in his § 3582(c) motion transferred to the Second Circuit.").

**SO ORDERED.**

**Date:  May 18, 2020**
**        New York, NY**

**VALERIE CAPRONI**
**United States District Judge**