Michael C. Miller
212 506 3955
mmiller@steptoe.com
1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



July 1, 2022

<u>Via ECF</u>

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *United States v. Percoco, et al.* (Case No. 16-cr-776)

Dear Judge Caproni:

We are writing on behalf of our client Alain Kaloyeros and, with the consent of their counsel, on behalf of Louis Ciminelli, Steve Aiello and Joseph Gerardi.

On June 30, 2022, the Supreme Court granted certiorari to review the validity of both a) the "right to control" theory that formed the basis of the wire fraud convictions of Defendants Kaloyeros, Aiello, Gerardi, and Ciminelli[1], and b) the fiduciary-duty theory that formed the basis of the honest-services fraud conviction of Aiello.[2]

---

[1] *See Ciminelli v. United States*, __ S. Ct. __, 2022 WL 2347619 (Mem.) (granting review of "[w]hether the Second Circuit's 'right to control' theory of wire fraud ... states a valid basis for liabiliity under the federal wire fraud statute," Pet. for Certiorari, *Ciminelli v. United States* (No. 21-1170), 2022 WL 566444, at *1 (U.S., filed Feb. 18, 2022)).

[2] *See Percoco v. United States*, __ S. Ct. __, 2022 WL 2347617 (Mem.) (granting review of whether "a private citizen who holds no elected office or government employment, but has informal political influence over governmental decisionmaking, owe[s] a fiduciary duty to the general public such that he [is subject to the] honest-services fraud" statute, Pet. for Certiorari, Percoco v. United States (No. 21-1158), 2022 WL 542882, at *i (U.S., filed Feb. 2022).

Hon. Valerie E. Caproni 
July 1, 2022
Page 2

      The Supreme Court's grants of certiorari to review these questions necessarily establishes that they are substantial questions, which if resolved favorably to the Defendants will result in reversal of their convictions.  *See* 18 U.S.C. § 3143(b)(1)(B)[3]; *United States v. Randell*, 761 F.2d 122, 124-25 (2d Cir. 1985).[4]   And it is undisputed that none of the Defendants present a flight or safety risk, as this Court found when it granted the Defendants release pending appeal and voluntary self-reporting.  *See* § 3143(b)(1)(A).  Thus, Defendants Kaloyeros, Aiello, Gerardi and Ciminelli are entitled to release pending disposition of their petitions for certiorari, under § 3143(b)(1)(b)(i) and (ii).

      Accordingly, Defendants Kaloyeros, Aiello, Gerardi, and Ciminelli respectfully request release pending disposition of certiorari review under § 3143(b)(1).  We request that the release be forthwith, on the conditions the Court previously imposed, with those conditions to be met by the Defendants within one week after being released.  In addition, we respectfully request that the Defendants not be required to post any cash as a condition of release.

      After consultation, counsel for the government has given the government's consent to release on bail Defendants Kaloyeros, Aiello, Gerardi, and Ciminelli, on the conditions the Court previously imposed, with those conditions to be met by the Defendants by one week after release.  In addition, the government has stated it does not object to the Defendants not being required to post any cash as a condition of release.

      We are submitting a proposed order under separate cover.  *See* ECF Rule 18.6.

                                 Respectfully submitted,

                                   Michael C. Miller

cc:     All Counsel (via ECF)

---

[3] Section 3143(b)(1) authorizes this Court to grant release for defendants who have "filed an appeal *or a petition for a writ of certiorari*." *Id.* (emphasis added).

[4] When it granted Defendant Gerardi bail pending appeal, this Court ruled that "[i]f Mr. Gerardi's and his co-Defendants' convictions for wire fraud and conspiracy to commit wire fraud were to be reversed, there is a substantial question whether his conviction for false statements would require a new trial, due to the risk of prejudicial spillover from the fraud counts." Dkt. 973, at 1.